SAMUEL NEWLIN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 17, 1906.*

1. CRIMINAL LAW—*sickness or absence of judges not ground for delaying criminal trial.* Sickness of two of the judges of the circuit and the absence of the other does not excuse the failure of the prosecution to try a criminal case at a term beginning within four months after commitment of the defendant, and the latter is entitled to his discharge under the statute if none of the grounds specified therein for holding him for trial exist.

2. SAME—*right to trial cannot be defeated by entry of order dispensing with petit jury for term.* One judge of the circuit has no power to make an order in vacation dispensing with a petit jury for the next term of court, and the fact that such an order is made without the consent of one committed for crime does not deprive him of the right to be tried at that term of court if he is otherwise entitled to trial.

3. SAME—*effect where second indictment is found.* If one indicted and committed for crime is entitled, under the statute, to a discharge for delay in trial while being held under the indictment, the fact that a second indictment is found for the same offense and

a *nolle prosequi* entered as to the first indictment does not defeat his right to be discharged.

4. SAME—*right to discharge for delay in trial is absolute.* Section 18 of division 13 of the Criminal Code confers upon a person committed for crime the absolute right to be discharged if not tried within the time specified in such section, where none of the reasons enumerated therein exist, requiring the court to hold him for trial.

5. SAME—*when defendant is entitled to discharge for delay in trial.* Where a second indictment is found for the same offense for which the defendant is being held under the first indictment, if it appears from the evidence for and against a motion for discharge that the defendant was entitled to his discharge for delay in trial while being held under the first indictment the court should enter the order releasing him, without regard to whether or not such an order was entered while he was so held.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

Samuel Newlin, the plaintiff in error, was on March 2, 1905, arrested and taken before a justice of the peace of Iroquois county to answer to the charge of burglary preferred against him. The hearing was continued to March 7, 1905, and Newlin, failing to give bail, was committed by said justice to the county jail of Iroquois county. On March 7 the hearing was again postponed to the following day, and Newlin was re-committed to the county jail. No further proceedings were had before the justice, but on March 7, 1905, the grand jury empaneled at the March term, 1905, of the circuit court of Iroquois county, found and returned into court an indictment against Newlin charging him with burglary and larceny. He was incarcerated in the county jail, to which he had been committed by the justice of the peace, without trial, until the November term, 1905, which commenced on November 14, 1905. In the meantime, the regular June term, 1905, of the circuit court of that county had been held.

On November 21 of the same year another indictment was returned into court by the grand jury charging Newlin

with the same offenses for which he had been indicted at the March term. On November 25 the State's attorney entered a *nolle prosequi* to the earlier indictment, and Newlin, after the appointment of an attorney by the court to conduct his defense, was arraigned upon the indictment last found against him. His plea was, not guilty. Thereafter, on December 1, 1905, by his attorney, he made a motion to be discharged from custody for want of prosecution within the time required by law. A hearing on this motion was had before the court without a jury. Evidence was introduced which established the facts above set out, and, in addition thereto, that two of the judges of the twelfth judicial circuit, in which Iroquois county is located, were seriously ill at the opening of the March term, 1905, of said circuit court, and neither was ever thereafter able to perform official duties, and both departed this life shortly thereafter,— one, the Hon. Charles B. Garnsey, on April 1, 1905, and the other, the Hon. Robert W. Hilscher, on June 27, 1905; that the remaining judge of said judicial circuit was the sole judge in said circuit from the last mentioned date until July 1, 1905, when a successor was elected to fill the vacancy caused by the death of Judge Garnsey, and said remaining judge was also during the March and June terms, 1905, of said circuit court, one of the judges of the Appellate Court for the Second District; that the March term, 1905, of said circuit court was on March 7, 1905, opened by one of the judges of the fifth judicial circuit, and said March 7 and March 10, 1905, were the only days on which court was in session at the March term; that on the latter date an adjournment was taken to March 20, when, no judge appearing, the term lapsed; that in vacation, after the March term, 1905, of said circuit court, an order was made by one of the judges of said court, and entered of record, dispensing with a grand jury and petit jury at the June term, 1905, of court, and the record of the last mentioned term shows that on a number of days of that term, while the newly elected judge

in the twelfth judicial circuit was presiding, court met and adjourned without transacting any business whatever.

The court denied Newlin's motion to be set at liberty. A trial was had before a jury and a verdict returned finding Newlin guilty of larceny and fixing the value of the goods taken at $24.75. After overruling a motion for a new trial the court rendered judgment upon the verdict and sentenced Newlin to confinement in the penitentiary at Joliet. He has sued out a writ of error from this court to review the record of the circuit court, and assigns as error the action of the court in denying his motion to be set at liberty.

Plaintiff in error contends that on account of the failure of the State to bring the case to trial at the March term, 1905, or June term, 1905, his motion should have been allowed at the November term, 1905, while defendant in error urges that the incapacity of two of the judges of the twelfth judicial circuit to conduct the March term, 1905, of the circuit court of Iroquois county, and the official engagements of the third judge of that circuit which prevented his holding that term, were sufficient excuses for a failure to try Newlin at that term, and that the fact that no petit jury was summoned at the June term, 1905, was sufficient excuse for passing the case at that term.

O. H. WYLIE, for plaintiff in error:

Sickness of a judge or judges of the circuit is no reason for the passing of the term so that no criminal trials could be held. Other judges might have been called in to hold such term of court. *Jones* v. *Albee,* 70 Ill. 34; *Morgan* v. *Corlies,* 81 id. 72; *Pike* v. *Chicago,* 155 id. 656; *Bennett* v. *State,* 27 Tex. 701.

Not granting a trial at a term of court having jurisdiction of the offense commencing within four months of the date of commitment, deprives the accused of both his constitutional and statutory rights. Const. 1870, art. 2, pars. 9, 19; Hurd's Stat. chap. 38, par. 438.

Any person committed for a supposed criminal offense is entitled to discharge from custody for want of prosecution when not admitted to bail and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment. Starr & Cur. Stat. chap. 38, par. 623.

If a person is indicted for an offense punishable in the penitentiary, he then being in jail, finding a new indictment for the same offense at a subsequent term of court does not change his right under the law, but he should still be discharged. *Brooks* v. *People,* 88 Ill. 328.

The time when accused was sent to jail under the *mittimus* of the police magistrate, and not the date of the indictment, is the time of commitment relative to the discharge of a prisoner for failure to prosecute within the time specified. *Guthmann* v. *People,* 203 Ill. 260.

The March term, 1905, and June term, 1905, of the Iroquois county circuit court were the terms of court fixed by law, and are terms of court whether there is any judge to hold the court or not. *Downey* v. *Smith,* 13 Ill. 671; *Bennett* v. *State,* 27 Tex. 701; *United States* v. *Fox,* 3 Mont. 512; *State* v. *Phil,* 1 Stew. 31; *State* v. *Brodie,* 7 Wash. 442.

W. H. STEAD, Attorney General, and CHARLES E. WOODWARD, (JOHN P. PALLISSARD, of counsel,) for the People:

Continuances in the discretion of the presiding judge, or delay occasioned by want of time to try, or any like necessitating circumstances, do not contravene the right to a speedy trial, and the accused is not entitled to a discharge by reason of any delay made necessary by the law itself. *Clarke* v. *Commonwealth,* 29 Pa. St. 129; *Ex parte State,* 76 Ala. 482.

The statute under consideration cannot be held, in view of its provisions, to be an unqualified mandate that the prisoner shall be released by the mere lapse of time or the mere fact that he was not given a trial at a term of court commencing within four months of the time of his commitment. Not

only must the time lapse, but the circumstances must be such that it is error for the court to longer detain him, and as to these circumstances and to his right of discharge he must obtain the judgment or ruling of the court having jurisdiction of the cause.  *People* v. *Murphy,* 212 Ill. 584.

A failure to bring a person charged with crime to trial within the time prescribed by statute does not justify a dismissal of the prosecution, if the delay was caused by the illness of the trial judge.  *People* v. *Camilo,* 69 Cal. 540; *State* v. *Huting,* 21 Mo. 464.

Illness of the prosecuting attorney is a justifiable excuse for not bringing the defendant to trial within the time required by law.  *People* v. *Shufelt,* 61 Mich. 237.

In computing terms of court under the statute which entitles a defendant to a discharge if not tried within the time required by law, the term of court at which the defendant is committed or the indictment against him is returned is to be excluded from the computation of the number of terms.  *Gillespie* v. *People,* 126 Ill. 238; *Ochs* v. *People,* 124 id. 399; *Grady* v. *People,* 125 id. 122; *Watson* v. *People,* 27 Ill. App. 493.

It will be presumed that continuances were had upon the application of the People and the prisoner where the record is silent, and that they were made in manner and for the purpose allowed by statute.  *Watson* v. *People,* 27 Ill. App. 493; *Grady* v. *People,* 125 Ill. 122; *State* v. *Nuget,* 71 Mo. 136.

In considering whether a prisoner is entitled to a discharge when he has not been brought to trial within the number of terms required by law, a term which lapses or which is adjourned in the midst of the trial by reason of the illness of the judge is not to be counted in the prisoner's favor.  *State* v. *Huting,* 21 Mo. 464; *Davis* v. *State,* 51 Neb. 301.

It is only when the State is in fault that the defendant can claim his discharge on the ground that by reason of continuances he has not been brought to trial.  *State* v. *Mollyneaux,* 149 Mo. 646.

These statutes are intended to operate only when there is some delay on the part of the State, and cannot be invoked where continuances are made by the court of its own motion. *State* v. *Marshall,* 115 Mo. 383.

Mr. Justice Scott delivered the opinion of the court:

Section 438 of chapter 38, Hurd's Revised Statutes of 1903, provides:

"Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at the next term, in which case the court may continue the case to the next term. If any such person shall have been admitted to bail for an alleged offense other than a capital offense, he shall be entitled, on demand, to be tried at some term commencing within four months after he has been admitted to bail, if there is a term of court within that time at which he may be tried; if not, then at the first term after the expiration of said four months: *Provided,* that if the court shall be satisfied that due exertions have been made to procure the evidence on behalf of the People, and that there is reasonable ground to believe such evidence may be procured at the next term or at some term to commence within seventy (70) days thereafter, the court may continue the cause to such term."

Newlin was indicted March 7, 1905, and confined in the county jail from that time until he was put upon trial on the first day of December, 1905, under a later indictment, which had been returned on the 21st day of November, 1905, charg-

ing the same offenses, burglary and larceny, as the first in-
dictment, which had been disposed of by a *nolle prosequi* on
November 25, 1905. After his first indictment, and prior to
his trial, the March term, 1905, after being in session two
days only, lapsed because no judge appeared to preside, and
the June term, 1905, commenced, was in session on various
days and adjourned on September 5, 1905, until court in
course.

It is apparent from the record that there was a term of
court having jurisdiction of the offenses with which Newlin
was charged which commenced within four months after
the date of his commitment, and that he was not tried at
that term nor at any time within four months after his com-
mitment nor at any term beginning within four months after
his commitment, and that there existed none of the circum-
stances mentioned in section 438, *supra,* which would defeat
his right to be set at liberty.

Two of the judges of the circuit were too ill to hold the
March term, 1905. One of these two died in April, 1905,
and the other of these two was too ill to hold the June term
and died during that term. These facts, while greatly to be
deplored, do not answer Newlin's motion.

By the section of the statute in question an absolute right
is conferred upon a person charged with crime and commit-
ted to and imprisoned in jail, to be set at liberty unless tried
within the time limited by that section, except where the cir-
cumstances exist which by the provisions of that statute re-
quire the court to hold the person for trial. Thus is the
constitutional guaranty of a speedy trial made effective. To
an application under this statute it is not sufficient for the
prosecution to say that it was inconvenient or impossible for
the judges of the circuit to hold the term of court at the time
fixed by the statute. The law of the State gives the judges
of the various circuits the right to interchange with each
other, hold court for each other and perform each other's du-
ties where they find it necessary or convenient. (Hurd's Stat.

1903, chap. 37, sec. 57.) If the provisions of the law do not insure the transaction of the business of the courts a remedy may be afforded by the legislature. We are without power to read into the statute in question an exception which does not appear there.

The fact that one of the judges of the circuit, in vacation after the March term, 1905, of the circuit court of Iroquois county, made an order dispensing with the petit jury for the June term, 1905, unless such a jury should thereafter be ordered by the court or some judge thereof, does not alter the situation for several reasons: First, Newlin had the right to be tried at the June term, 1905, and that right could not be arbitrarily defeated by any order, made without his consent, dispensing with the services of a jury at that term. Second, there seems to be no statute authorizing one circuit judge to make an order in vacation dispensing with a petit jury for any term of court. Section 79 of chapter 37, Hurd's Revised Statutes of 1903, provides that such an order may be made by a majority of the judges of a circuit in vacation or by the court in term time. The order made by the circuit judge in vacation was therefore without legal effect. Third, on the first day of July, 1905, Hon. A. O. Marshall, successor to Hon. Charles B. Garnsey, deceased, was elected, and thereafter, on the 19th day of July, 1905, being one of the days of the June term, 1905, of the circuit court of Iroquois county, he convened that court, and it was thereafter in session on various days up to and including September 5, 1905, and at all of its sessions after and including July 19, 1905, Judge Marshall presided. Had the order made in vacation been valid, it was still within the power of the court, at either of the sessions at which Judge Marshall presided, to direct that a petit jury be drawn and summoned, as the order entered in vacation provided that the petit jury should be dispensed with "unless hereafter ordered by the court or some judge thereof," and was evidently designed to be, in that respect, in accordance with section 79, *supra.*

Authorities from other States are cited, under enactments similar in purpose but not in terms to our own, holding that the death or incapacity of the judge of a court which prevents the court being held suspends the operation of the statute. We are not disposed to follow these authorities, as we think both the letter and spirit of our statute, section 438, *supra,* require that the defendant be set at liberty unless tried in accordance with its provisions.

The circumstances that a second indictment was here found alleging the same offenses as the first, that a *nolle prosequi* was entered as to the first indictment, and that Newlin was tried within four months after the return of the second indictment, are without significance. Each indictment was for the same felonies. If plaintiff in error was entitled to be set at liberty while held under the first indictment, he could not be rightfully arrested, held or committed for the same offenses when charged by the second indictment. *Brooks* v. *People,* 88 Ill. 327.

The matter may be presented to the court in which the second indictment is pending, by motion, and if it appears from consideration of all the proof offered for and against the motion that the defendant was entitled to his discharge while held under the first indictment, the order releasing him contemplated by the statute should be entered without regard to whether or not such an order had in fact been entered while he was held under the first indictment.

When Newlin made his application and proved the existence of facts which brought him within the statute, and it appeared that the limitations which that section places upon the right to be released from imprisonment did not apply to him, the circuit court should have set him at liberty. *Brooks* v. *People, supra; Guthmann* v. *People,* 203 Ill. 260.

The judgment of the circuit court will be reversed and the cause remanded to that court, with directions to enter an order setting Newlin at liberty.

*Reversed and remanded, with directions.*