**The People of the State of Illinois, Plaintiff-Appellant, v. William Hatchett, Jr., Defendant-Appellee.**

Gen. No. 65–89.

Fifth District.

April 28, 1967.

 

K. T. Hubler, State's Attorney of Williamson County, of Marion, for appellant.

John R. Sprague and John R. Sprague, Jr., of Belleville, for appellee.

EBERSPACHER, J.

This is an appeal by the People of the State of Illinois, from an order dismissing two arson indictments, discharging the defendant and releasing his bond, on the grounds that defendant had not been placed upon trial within the 120 days after demand for trial was made.

On October 7, 1964, three indictments were returned against this defendant, one of which was for arson. That indictment (No. 64–Cr.–578, hereinafter referred to as 578) charged the commission of the offense on August 27, 1964, by the use of explosive, damaging the fire station and fire truck, owned by the Village of Colp. He was arraigned and pled not guilty on November 5, 1964, being represented by counsel of his choice who had previously entered his written appearance. At all material times he remained free on bail. On February 19, 1965, while defendant's attorney was before the court arguing motions in the case, he made an oral demand on behalf of the defendant for immediate trial. His demand was duly noted and appears in the record. It was supplemented by a written demand on April 6, 1965, providing that it was in addition to oral demands for trial previously made.

With these indictments still pending, a second Grand Jury, on March 5, 1965, returned three new indictments

(No. 65–Cr.–95, No. 65–Cr.–96 and No. 65–Cr.–97, hereinafter referred to as 95, 96 and 97 respectively) against this defendant. Indictment 96 was for the crime of conspiracy, while indictments 95 and 97 each charged the commission of the offense of arson on August 27, 1964, by the use of explosives. Indictment 95 charged damage to the fire station owned by the Village of Colp, and indictment 96 charged damage to the fire truck owned by the Village of Colp. Defendant was rearrested, and admitted to bail and remained free on bail at all material times on these indictments. On March 24, 1965, he was arraigned on these three indictments, entered pleas of not guilty to each, and requested 20 to 30 days in which to file motions in regard to these three indictments. Motions not filed were ordered to be filed by April 2, 1965, and the State's Attorney was ordered to furnish a separate list of witnesses in each of the three cases, in addition to the list that had been furnished on the earlier indictment, No. 578, and the court on its own motion continued the cause to April 2, 1965, advising that on that date it would be determined who would be the trial judge. Although the record at this point shows no order setting any of these cases for trial, both the People and defendant's counsel were of the opinion that the cases were set for trial on April 19, 1965, having been set for that date prior to arraignment. Whether their references to that date of trial were to the indictments of October 7, 1964, or those of March 5, 1965, is not clear from this record. In some instances the reference was to "this case," obviously referring to the conspiracy case which was first on the setting for May 24.

During the proceedings on March 24, 1965, defendant's counsel stated in open court that he was standing on his demand for immediate trial in indictment 578, while the Assistant State's Attorney requested that defendant's counsel be directed to prepare for trial on the ar-

43

son indictments, Nos. 95 and 97, on April 19; the record shows no disposition of this request, although defendant's counsel voiced no objection to it.

The record next shows a letter from the presiding judge to defendant's counsel advising that motions set for April 7, 1965, had been continued to April 12, 1965, at which time counsel was requested to be present with his client. On April 12, 1965, defendant filed his motion to consolidate the trial on Nos. 95, 96 and 97; and on that date the court entered an order consolidating the two arson cases, Nos. 95 and 97, but refused to consolidate the conspiracy case, No. 96, which was first on the setting for April 19, followed by 95 and 97 in that order. On April 12, 1965, defendant also filed his motion for substitution of judges in cases 95 and 97, in accordance with chapter 38, section 114-5(a) Ill Rev Stats 1963. Apparently the court had been previously advised that such motion was forthcoming or had anticipated its being filed; a judge (who had been assigned to try the cases), other than the two to whom the motion was directed was present, ruled on the motion for consolidation, advised that he was taking defendant's motion with reference to search and seizure under advisement, without argument, for disposition, denied certain other motions, indicated that the State would have to traverse allegations of the search and seizure motion, and concluded without any request for continuance that he didn't see how they could get to trial on the 19th. The People called attention to the fact that a demand for immediate trial had been filed on indictment 578 and the court inquired if a demand had been filed "in all these cases" to which defendant's counsel replied, "Oh, no," but pointed out that his demand had been made on 578. The People again called attention that a demand had been made on "two arson indictments that preceded these," to which the court concluded "but that doesn't carry over to these cases here." The court then

44

advised, and asked defendant's attorney to make a mental note, that he was tentatively setting "this case" for May 24th "and we are talking about all four of the cases, that are going up." Obviously the four included a case against another defendant on a rape charge, in which this defendant was not involved. To this the Assistant State's Attorney responded that "We'll be ready, barring sickness or unforeseen difficulty." The judge inquired concerning the availability of the jury and whether it would have served 10 days or more, and was advised by the Assistant State's Attorney that the jury had never been in.

On May 7, 1965, the presiding judge of the Williamson County Circuit Court advised defendant's counsel by letter that the State's Attorney had undergone an emergency appendectomy, and had requested the continuance of any motions or hearings in the cases involving William Hatchett, Jr., until such time as he was able to be in attendance, and further advising that the Judge who was to conduct the trial had granted the State's Attorney's request. On May 15, upon motion of the People and without notice to defendant or his counsel indictment 578 was dismissed by the court. On July 15, the Clerk of the Court by letter advised defendant's counsel that pursuant to his demand for trial, the three cases, 95, 96 and 97, had been set by order of court, for trial on August 2, and advised that all pending motions would be heard on July 30. Defendant then filed motions pursuant to section 114–1(a)(1) of the Code of Criminal Procedure [1] to dismiss indictments 95 and 97, alleging his demand for trial on 578 and that 95 and

[1] Ill Rev Stats 1963, c 38, § 114–1(a). Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information on complaint upon any of the following grounds: (1) The defendant has not been placed on trial in compliance with section 103–5 of this Code.

45

97 related to the same crime, act and transaction allegedly occurring at the same time and place as was alleged in 578, and the dismissal of 578. The People filed answers to the motions, the motions were heard, and the court entered its order dismissing indictments 95 and 97, on the grounds that defendant had not been placed upon trial within 120 days after demand was made for trial on February 19, 1965, finding that delay was not occasioned by the defendant, and ordered defendant discharged and his bail released on those indictments.

Counsel representing defendant in this appeal by their brief, questioned the right of the People to appeal from the order dismissing the indictments and discharging defendant. Since that time our Supreme Court has published its opinion in People v. Petropoulos, 34 Ill2d 179, 214 NE2d 765, firmly establishing the right of the People to appeal. This appeal therefore, raises only the question as to whether the defendant received a speedy trial in compliance with the constitutional provision (Art 2, § 9, Constitution of Illinois) and our statutes.[2]

It is the State's position that by proper computation under the 120-day statutory provision, the period had not expired on August 3, 1965, when the indictments were dismissed, contending that the period should begin on April 6, 1965, when the written demand for trial was filed; and further, that delay was occasioned by the defendant so as to bar him from claiming the benefit of the statute.

The defendant, Hatchett, being on bail, had to make a demand for trial to set the time limits of the statute in motion. People v. Klinger, 319 Ill 275,

---

[2] Illinois Revised Statutes 1963, c 38, § 103–5(b). Every person on bail or recognizance shall be tried by the court having jurisdiction within 120 days from the date defendant demands trial unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal.

149 NE 799; People v. Maniatis, 297 Ill 72, 130 NE 323. This he did on February 19, 1965. It is the defendant's conduct after this date that must be considered in determining whether or not he occasioned delay. While the defendant's demand for trial was oral, it clearly appears in the record and no authority has been pointed out to us, nor have we found any, which requires the defendant's demand for trial to be written. All the cases treat an oral demand as adequate. This demand was formal and unequivocal. It appears as clearly in the record as it would have if made in writing. Therefore, the time that the statutory period starts to run in this case is not the date of the written demand, but the date of the first demand appearing on the record, February 19, 1965.

In determining whether the delay in the trial was "occasioned by the defendant" we have carefully examined the facts as shown by the record to prevent a "mockery of justice" either by technical evasion of the right to speedy trial by the State, or by a delay in fact caused by defendant. Obviously the court did not enter an order as requested by the People on March 24, on defendant to prepare for trial on April 19, because it was apparent that the People would not be ready for trial on that date, that the court possibly might not be ready since no trial judge had been assigned and the presiding judge felt that the assigned trial judge should be the one to hear some of the motions pending, as well as set a trial date; also because the situation had been confused by the reindictment of defendant on March 5, and a realization on the part of the court that defendant had a right to attack as well as make various other motions in each of the then pending six cases against defendant.

It was obviously determined by the court on April 12, that fairness to both the prosecution and the defendant, as well as his own schedule, required a trial setting

on May 24; and such determination was made in the face of his knowledge that a demand for trial had been made on 578, on February 19, and the possible misapprehension that such demand "doesn't carry over to these cases." However, it is to be pointed out that May 24th was well within the 120 days following the demand of February 19. It has been said that where a trial was postponed by consent of all parties and reset by agreement on a day beyond the statutory period, the delay thus occasioned was deemed as happening on the application "of each and all the parties." Healy v. The People, 177 Ill 306, p 309, 52 NE 426; see also People v. Fosdick, 36 Ill2d 524, 224 NE2d 242, in which our Supreme Court most recently held that a defendant, who on the 119th day, when the State and trial court was ready for trial, waived a jury, and acquiesced in a bench trial setting on a date outside the 120-day period, was chargeable with delay, and that this constituted ample evidence to permit the trial court to find that the delay in the trial was occasioned by the defendant.

Here the State urges that "the defendant ask for a resetting of these cases from April 19, 1965 and they were reset for May 24"; and thus a new 120-day period began. As previously stated, we find nothing in this record showing a setting for April 19, although both defendant's counsel and the Assistant State's Attorney on the date of arraignment, March 24, mentioned that the "case was" and the "cases were" set for trial for the 19th. Even assuming that defendant counsel's suggestions to the effect that he intended to make motions on each of the three new indictments, similar to those made on the three previous indictments, and his demand that he be furnished a separate list of witnesses on each of the three new indictments, were a request for continuance, no change in the trial date was made on March 24, and it was on April 12, when the assigned trial judge was sitting, that he determined a proper date for

48

■■■■■■■■■

the trial, within the 120-day period. This was done on the court's own motion, when he was aware of the demand for trial and cannot be ascribed to the defendant. People v. Wyatt, 24 Ill2d 151, 180 NE2d 478. Even if we were to assume, as the trial court did not, that the change of trial date from April 19 to May 24, was occasioned by defendant, we would not reach a different result; considering the Statute as having been tolled during those 34 days, extending the time 34 days would require trial before August 2.

■■ The People have urged that defendant's motion for substitution of judges should be considered as having the same effect as a motion for change of venue, relying on People v. Rankins, 18 Ill2d 260, 163 NE2d 814. In that case it was held that the right to be tried within a 4-months period is suspended by a motion for change of venue and starts to run again from the granting of the change. A change of venue starts a new four-months period, People v. Iasello, 410 Ill 252, 102 NE2d 138, because it involves going to a new county for trial. In both Rankins and Iasello the court found a delay was occasioned by the granting of defendant's motion. Here the record is positive that the motion to substitute judges occasioned no delay. It was filed April 12, and a new judge substituted on that day. No time consuming consequences resulted, and no delay was occasioned by the motion. Under the factual situation here, such motion was not tantamount to a change of venue motion. An examination of each of defendant's other motions, does not disclose that they were of such a dilatory nature as would prevent the running of the statutory period. A number of them required the State to respond and the court so advised the Assistant State's Attorney. The motions which the State urges were the cause of delay were disposed of in less than a month from arraignment on the last three indictments. Each of them was authorized under our Code of Criminal Procedure, (§ 114),

49

wherein is provided a uniform and efficient method of insuring rights to the accused prior to the trial without prejudice to the State, and were not made on the eve of the trial.

■ The People have conceded that the charges of arson contained in 578, 95 and 97 arise out of the same factual situation. The People may not avoid and evade the constitutional provision or the statute by returning indictment after indictment in order to either toll the statute or extend the time, People ex rel. Nagel v. Heider, 225 Ill 347, 80 NE 291; Brooks v. People, 88 Ill 327 at 330. In People v. Witt, 333 Ill 258, 164 NE 682, the court held that the fact that indictments were from time to time returned against the defendant would not stop the running of the time requiring trial within four months after commitment where all the indictments charge the same offense and delay in trial was not caused by the defendant.

■ Here, unlike the trial court in People v. Fosdick, supra, the trial court did not find that defendant occasioned any delay; and in fact, found that the resetting from April 19 to May 24 was on the court's own motion. Our examination of the record discloses that the sole reason defendant was not tried on 95 and 97 on May 24, or within the 120-day period was the State's Attorney's illness and the ensuing continuance honoring his request. The illness of the trial judge has been held not to justify delay of the trial. Newlin v. People, 221 Ill 166, 77 NE 529. We see no reason for the State's Attorney's illness to have a different effect.

The findings of the trial court to the effect that no delay in the trial was occasioned by defendant are supported by the record, and we therefore affirm the judgment.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.