**People of the State of Illinois, Plaintiff-Appellee, v. Gene Ross and James Goodman, Defendants-Appellants.**

**Gen. No. 52,505.**

First District, Second Division.

September 24, 1968.

Posanski, Johannsen, Krohn & Jacobs, of Chicago, for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert B. Rosen, Assistant State's Attorneys, of counsel), for appellees.

MR. JUSTICE McNAMARA delivered the opinion of the court.

The defendants, Gene Ross and James Goodman, were indicted for the crimes of rape and contributing to the sexual delinquency of a child. After a jury trial they were found guilty of contributing to the sexual delinquency of a child and each sentenced to one year in the House of Correction. A third defendant was found not guilty and discharged. On appeal the defendants contend that the State failed to establish that the criminal acts were committed within the County of Cook, State of Illinois.

On May 23, 1966, the prosecutrix, 16 years old, and her girl friend accepted a ride from the three defendants in Hammond, Indiana. All parties were residents of Indiana. After driving around for awhile, during which time they all drank some vodka and orange juice, the defendants then drove the girls to the Wolf Lake State Park. The prosecutrix testified that while at the park area, she was forcibly raped by Goodman and Ross. After dark, the defendants drove the girls back to Hammond where they went to the home of a friend and complained of the attack.

Defendants Ross and Goodman testified that they had kissed and fondled the prosecutrix, but denied having intercourse with her.

As to the location of the crimes, Wolf Lake is bisected by the Illinois-Indiana State line. Part of the area is located in Illinois and part in Indiana. Sergeant Kaporn-

455

yai of the Hammond police department testified that on the day after the occurrence, the two girls directed him to the scene. After looking over the area it was his opinion that the crimes occurred in Cook County. Accordingly, the Indiana police turned the investigation over to the Chicago police department. Officer Robert Rogers of the Chicago police department testified that on July 27, 1966, the two girls accompanied him to the scene of the crime in Wolf Lake Park. Officer Rogers noted the location shown to him by the girls and then went to the Cook County Map Department. He checked the location on an Illinois map and determined that the crimes had occurred within Cook County. The two girls testified that they accompanied the officers to Wolf Lake and showed them the exact location where the car had been parked and the attacks took place. The police told them that the location was Cook County, Illinois.

The three defendants testified that they drove to Wolf Lake, parking on an old dirt road about two blocks from the water. They testified that the car was parked in Indiana about one-half mile from the Illinois line.

At the request of the State, the jury was given the following instruction:

> "The People are required to prove that the crimes charged in the indictment herein were committed at and within the County of Cook. This is a jurisdictional fact and is known as venue but it is not an element of the crimes charged that must be proved beyond a reasonable doubt. It is sufficient if from all of the evidence the jury can reasonably believe that the crimes charged in the indictment were committed at and within the County of Cook."

██ ██ Defendants urge that it was error to give the above instruction because venue must be proved beyond a reasonable doubt. The State argues that while venue is a jurisdictional fact it is not an element to be proved

beyond a reasonable doubt. The State cites People v. Adams, 300 Ill 20, 132 NE 765 (1921) in support of its contention. The Adams case did so hold, but since that decision, the Supreme Court repeatedly has stated that venue is a fact which must be proved beyond a reasonable doubt. People v. Strook, 347 Ill 460, 179 NE 821 (1932); People v. Gregor, 359 Ill 402, 194 NE 550 (1935); People v. Church, 366 Ill 149, 7 NE2d 894 (1937); People v. Long, 407 Ill 210, 95 NE2d 461 (1950). While the formal requirements governing proof of venue have been relaxed, and while it may be proved by circumstantial evidence, it is still necessary that venue, like any other fact in a criminal case, be proved beyond a reasonable doubt. People v. Pride, 16 Ill2d 82, 156 NE2d 551 (1959); People v. Mowry, 6 Ill2d 132, 126 NE2d 683 (1955). Since the evidence was in dispute as to whether the criminal acts occurred in Indiana or in Illinois, it was error for the trial court to charge the jury as to a lesser degree of proof necessary for venue. Accordingly, we must reverse the judgment and remand the cause for a new trial.

 Inasmuch as we are remanding the cause for a new trial, we deem it necessary to comment on one argument of defendants that the testimony of the two police officers as to the location of the occurrence was inadmissible as hearsay evidence. The girls were able to point out the locale of the criminal acts and the officers stated that such place was located within Cook County. Their testimony was proper. People v. Jones, 6 Ill2d 252, 128 NE2d 739 (1955).

For the reasons set forth above, the judgment of the Circuit Court is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded.

BURKE, P. J. and LYONS, J., concur.