**People of the State of Illinois, Appellant, v. Wardeen Mason, Jr., Appellee.**

**Gen. No. 53,929.**

First District, Third Division.
December 11, 1969.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellant.

McCoy, Ming & Black, of Chicago (Ellis E. Reid, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

This is an appeal by the State from an order of the Circuit Court sustaining defendant's motion for a discharge under the Four-Term Act. Ill Rev Stats 1967, c 38, § 103–5. Defendant, Wardeen Mason, Jr., was indicted for the crime of theft on April 15, 1966, and released on bond. Thereafter, the cause was continued from time to time, some of the continuances at the request of defendant, some upon motion of the State, and others by agreement. Defendant made a demand for immediate trial on June 3, 1968, and a jury trial began on August 15, 1968. The jury was unable to reach a verdict, and as a result of the jury disagreement, a mistrial was declared and the jury discharged on August 20, 1968. The cause was transferred to the Chief Justice for reassignment and set for August 28. On that date, defendant demanded immediate trial, and the State was allowed a continuance until October 3. On October 3, the State requested another continuance, explaining that two of its witnesses were in Israel but would return. The cause was continued until November 18, at which time defendant's motion for a fourth-term discharge was granted. The

48

State appeals, contending that defendant's motion for discharge was improperly granted.

The Criminal Code, Ill Rev Stats 1967, c 38, § 103–5 (b) provides:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 120 days from the date defendant demands trial unless delay is occasioned by the defendant, . . . by a competency hearing, . . . or by an interlocutory appeal."

In People v. Jonas, 234 Ill 56, 84 NE 685 (1908), the court held that the four-month period begins to run anew from the date of the disagreement of a jury. The holding in the Jonas case was modified by the language of The People v. Gilbert, 24 Ill2d 201, 181 NE2d 167 (1962), where the court held that the four-month rule did not necessarily begin to run anew after every mistrial, but that consideration should be given to defendant's constitutional right to a speedy trial. In People v. Henry, 68 Ill App2d 48, 214 NE2d 550 (1966), the court held that defendant's right to a speedy trial was satisfied by commencement of second trial 39 days from the date the first jury failed to agree.

From these latter holdings, it appears that circumstances of each case must determine the effect of a mistrial upon the running of the statutory period. Under the facts and circumstances of the instant case, we find that the court erred in granting defendant's motion for a discharge. Although the case did not go to trial for well over two years after indictment, defendant, who was free on bond, contributed to this delay by continuing the cause from time to time on his own motion and by agreement. After the jury disagreement, the trial court allowed defendant's motion 88 days after the declaration of the mistrial, and 80 days after defendant again made a demand for immediate trial. Approximately 35 days after this demand for trial, the State informed the court

49

that two of its witnesses were out of the country and would be gone for some time. The State requested a continuance until November 18, and assured the court that it would be ready for trial on that date. We believe that this action on the part of the State was neither oppressive nor a purposeful attempt to delay defendant's right to a trial, but rather a reasonable request on its part as the result of the temporary departure of two of its witnesses. Although the State did not call these absent witnesses in the first trial, the record indicates that the witnesses in question, husband and wife, were the victims of the alleged theft. Moreover, defendant in the trial court did not offer to stipulate as to their proposed testimony. Under the facts and circumstances of this case, it was error to discharge defendant under the Four-Term Act.

Defendant argues also that the delay in the instant case was oppressive because a related civil action brought by defendant in 1966 against the City of Chicago could not be concluded during the pendency of the criminal charges, and urges us to take judicial notice of that civil action. Without considering our right to take judicial notice of the civil suit, we hold that the State's request for a continuance in order to have all of its witnesses present at trial was reasonable, and not oppressive. Moreover, if time were of the essence in the civil action, defendant should not have continued the instant cause from time to time on his own motion and by agreement, thus materially contributing to the delay of the criminal trial from 1966 to 1968.

■ ■ Defendant finally contends that the State's notice of appeal was defective, and that, therefore, the appeal should be dismissed. The notice of appeal indicates that the order appealed from was entered on November 18, 1968, whereas the common-law record indicates that the order was entered on November 20,

1968. The notice of appeal was filed on November 21, 1968. Thus the notice was filed well within the 30 days allowed by law. Supreme Court Rule 606(b), Ill Rev Stats 1967, c 110A, § 606(b). The fact that the notice of appeal stated that the order discharging defendant was entered on November 18, 1968, whereas it was entered on November 20, 1968, is immaterial, as there was only one final order entered and the appeal was taken from that order. It is well settled that minor insufficiencies in the form of a notice of appeal are to be disregarded. See Bank of Republic v. Kaspar State Bank, 369 Ill 34, 15 NE2d 721 (1938).

Accordingly, the order of the Circuit Court is reversed, and the cause remanded with directions to deny defendant's motion for a discharge, and for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded with directions.

DEMPSEY, P. J. and SCHWARTZ, J., concur.