The People of the State of Illinois, Plaintiff-Appellant, *v.* Willie D. Macklin, Defendant-Appellee.

(No. 71-299; )

Fifth District—October 4, 1972.

Robert H. Rice, State's Attorney, of Belleville, (Richard F. Nash, of counsel,) for the People.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Bruce Cook, of counsel,) for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the People of the State of Illinois, from an order dismissing a murder indictment, and discharging the defendant, on the grounds that defendant had not been placed upon trial within 120 days as required by law. Ill. Rev. Stat., ch. 38, sec. 103—5 (a).

Defendant was arrested and incarcerated April 8, 1971. On June 23, 1971, an indictment was returned against this defendant for murder. He was arraigned on June 29, 1971, and pled not guilty, being represented by the Office of the Illinois Defender Project who had previously entered a written appearance. Defendant was not granted bail nor was he at any time after April 8, 1971, out of the custody of the St. Clair County Sheriff's office.

The case was assigned for trial Thursday, August 5, 1971, before a visiting judge, who had been called into the circuit for another trial commencing August 2nd, upon his completion of the case commencing on August 2nd. He informed defendant and the State that he would not try the case, due to commitments he had in his own court. The Chief Judge informed the defendant and the State that he would assign a trial judge to try the case the following morning, but did not state what judge would be assigned. The morning of August 6, 1971, a Friday, the 120th day, Judge James Gray was assigned to hear the case. Defendant made a timely motion to substitute judges pursuant to Ill. Rev. Stat. ch. 38, sec. 114—5 (a), referring to no other Judge than Judge Gray. The motion was granted and the case referred to the Chief Judge for reassignment at approximately 10:00 A.M. Evidence taken shows that the Chief Judge was available to try the cause as was Judge Alvin Maeys and the Chief Judge knew of Judge Maeys' availability. The Chief Judge also knew that Judge Troy was to have been in court on August 6, 1971, but he testified that he did not have personal knowledge of his presence at any time.

On August 10, 1971, the Chief Judge issued a writ of *habeas corpus* based on failure to bring to speedy trial, which had been filed by defendant's attorney on that same day. On August 18, 1971, defendant was discharged by Judge Maeys pursuant to granting his motion for release and dismissal of the charge of murder on the grounds that defendant's constitutional right to a speedy trial had been violated by a violation of the "120-day rule".

There is no question that August 6, 1971, was the 120th and not the 121st day of defendant's incarceration. *People v. Wicks* (1969), 115

Ill.App.2d 19, 252 N.E.2d 698, interpreting and applying Chapter 131, sec. 1.11 Ill.Rev. Stat. There is no dissent from the proposition in *People v. Nowak* (1970), 45 Ill.2d 158, 258 N.E.2d 313, and if "delay in the trial beyond the 120-day period was occasioned by defendant, the criterion being whether defendant's acts or conduct in fact caused or contributed to the delay", then defendant may not avail himself of the "120-day rule".

■■ In *People v. Hatchett* (1967), 82 Ill.App.2d 40, 226 N.E.2d 97, defendant's substitution of judges under Chapter 38, sec 114—5 (a) was held to not constitute a delay. Substitution of judge under the statute is not therefore delay per se to be charged to defendant. Hatchett clearly rejects the proposition that substitution of judge is equivalent to a change of venue with regard to questions of delay.

In *People v. Bacon* (1971), 2 Ill.App.3d 324, 276 N.E.2d 782, the delay occasioned by the defendant's motion to substitute judges was unavoidable. It was not a substitution granted pursuant to the statute because in *Bacon* defendant had already substituted two judges and the delay was occasioned by the granting of his motion to substitute a third. The motion itself was without Chapter 38, sec. 114—5 (a) which allows substitution of only two judges.

■■ We find no authority for the proposition that a defendant waives the "120-day rule" by exercising his statutory right to substitute a judge when the first opportunity to exercise that statutory right comes on the last day of the 120 because the State or the Administrators of the Judicial System have not seen fit to afford a defendant an earlier opportunity to exercise that statutory right. Chapter 38, sec. 103—5 (c) makes provision for continuance on application of the State under certain circumstances, none of which appear to here be present. We are not impressed by the fact that before granting the motion to substitute a judge on the 120th day, which was the day the particular judge was assigned to hear the case, the court informed defendant that making the motion to substitute a judge might cause some delay and that defendant so understood. Chapter 38, sec. 114—5 provides for such motion to be filed within 10 days after the case has been placed on the trial call of a judge and further provides "* * * Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another court or judge not named in the motion".

■■ In the case before us the trial judge implicitly made a finding that the delay occasioned by the substitution of a judge was not unavoidable. We are disinclined to disturb that finding. The defendant had a statutory right to trial within 120 days of incarceration and a statutory right to substitute the trial judge assigned to try the cause. Neither right may be precluded by the other nor may a defendant be forced to choose between

the two when an exercise of both rights will not cause an unavoidable delay. We do not here decide the question in a factual situation where the exercise of both statutory rights will cause an *unavoidable* delay.

A defendant need not stand chargeable for every delay occasioned by the fact that he must be tried within 120 days. In this case the record is clear that defendant's motion need not have caused delay; that in fact defendant's motion did not cause the delay but rather merely occasioned circumstances in which either a lack of diligence on the part of the State or the faulty operation of judicial administration occasioned delay. In *Newlin v. People* (1906), 221 Ill. 166, 77 N.E. 529, the illness of a trial judge making it inconvenient or impossible to hold court was held not to justify delay in the trial. Likewise delay was not justified where the State's Attorney's illness made it inconvenient or impossible to try a defendant. (*People v. Hatchett, supra.*) The faulty operation of judicial administrative machinery is not chargeable to defendant; both the People and the Courts have the obligation to afford a defendant his statutory rights, as well as give him a speedy trial.

Order affirmed.

G. MORAN, P. J., and CREBS, J., concur.