THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ANTHONY SPICUZZA, Defendant-Appellee.

(Nos. 71-340-341 cons.;

Fifth District—March 16, 1973.

Robert H. Rice, State's Attorney, of Belleville, for the People.

No appearance for appellee.

PER CURIAM:

On December 14, 1970, defendant was indicted for the offense of theft of over $150.00. On December 18, 1970, defendant plead not guilty in the Circuit Court of St. Clair County. The case was called for trial on March 22, 1971, but defendant failed to appear. A bench warrant was issued for his arrest and he was finally taken into custody on June 11, 1971. On July 26, 1971, defendant was indicted for another offense of theft over $150.00. On July 19, 1971, seven days before this second indictment, a hearing was had on a motion to withdraw filed by defendant's counsel. Defendant informed the Court that he had discharged his counsel and talked to another attorney. The defendant did not move for a continuance at this hearing. On its own motion, the court then said that it was appointing the Public Defender to represent him temporarily and told defendant to get in touch with his retained counsel and tell him to be ready for trial in September.

Both cases were set for trial on October 4, 1971; on that date defendant moved, pursuant to Section 114—5, Code of Criminal Procedure, for substitution of judges. The motion was granted on the same

day. On October 6, 1971, defendant made a motion for discovery containing ten requests. It does not appear from the record what disposition, if any, the court made with this motion. On October 12, 1971, defendant made a motion to dismiss both indictments on the ground that he had not been brought to trial within 120 days of his incarceration and was thus entitled to dismissal pursuant to Ch. 38, Section 103—5. The motion was granted, and the sole issue on this appeal is whether the court erred in granting the motion.

Ch. 38, Section 103—5(a) provides:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, * * *."

The State claims that the motion for substitution of judges and the motion for discovery constitute delays caused by defendant and therefore the court below erred in dismissing the indictments. It is true that in the cases cited by the State, delays caused by a defendant's motion for discovery or a bill of particulars were chargeable to the defendant. However, in those cases actual delay occurred because of the motions. In this case, however, the record is silent as to the court's disposition of the motion for discovery, and we cannot presume delay from a silent record. For all we know, the court might have summarily dismissed defendant's motion thereby causing no delay. Where as some cases have held that the mere filing of a motion tolls the statute, we think the better rule is that actual delay must occur before the statute is tolled, especially in light of the language of Section 103—5(a) that *delay* must be occasioned by defendant. (See also *People v. Hill* (1971), 3 Ill.App.3d 286, 278 N.E.2d 441.) As the motion for substitution of judges was granted on the same day presented, and no change of venue was required by the substitution, no delay chargeable to the defendant is shown to have arisen from the substitution under these circumstances. *People v. Hatchett* (5th District, 1967), 82 Ill.App.2d 40, 226 N.E.2d 97, 101.

■■ Delay of the trial date to allow defendant more time in which to confer with his new counsel was at the behest of the court itself and not attributable to defendant. *People v. Wyatt* (1962), 24 Ill.2d 151, 180 N.E.2d 478, 479; *People v. Hatchett, supra.*

In ruling on the motion to dismiss the indictment, the trial court did not find any delay attributable to the defendant. The findings of that court are supported by the record and the judgment is consistent with the applicable rules of law; we therefore affirm the judgment.

Judgment affirmed.