(No. 45827.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ANTHONY SPICUZZA, Appellee.

*Opinion filed March 20, 1974.—Rehearing denied May 31, 1974.*

GOLDENHERSH and DAVIS, JJ., dissenting.

William J. Scott, Attorney General, of Springfield, and Robert H. Rice, State's Attorney, of Belleville (James B. Zagel and John F. Podliska, Assistant Attorneys General, and James W. Jerz and Martin Moltz, of the Model District State's Attorneys' Office, of Elgin, of counsel), for the People.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant was indicted December 14, 1970, by a St. Clair County grand jury for theft over $150. He subsequently pleaded not guilty and trial was set for March 22, 1971, at which time he failed to appear. A bench warrant issued and defendant was thereafter taken into custody on June 11, 1971. On July 19 his private counsel was allowed to withdraw after defendant informed the court he had

discharged counsel and had spoken to another attorney. The court then appointed the Public Defender to represent defendant temporarily until he retained counsel and informed defendant to be ready for trial in September. On July 26 defendant was indicted for another offense of theft over $150 which allegedly occurred subsequent to defendant's release on bond on the prior charge. While the record does not show when the Public Defender was appointed to represent defendant on this second charge, it was stated in oral argument and not disputed that at the time of his arraignment on the second charge in August, defendant reiterated his intention to secure private counsel and again did so on the occasion of court appearances in September, and that the Public Defender was not actually appointed to represent defendant on the later charge until October 4.

Both cases were set for trial on October 4. On that date defendant, still represented by the Public Defender, moved for a substitution of judges pursuant to section 114—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—5), and the motion was allowed on the same day. On October 6 defendant filed a 10-part discovery motion. The record does not show any action by the trial court on this motion, nor does it show whether the case had yet been reassigned to a different judge. On October 12 defendant sought and was granted a discharge on the ground he had not been brought to trial within the 120-day period prescribed by section 103—5 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1971, ch. 38, par. 103—5.) The Appellate Court, Fifth District, affirmed (*People v. Spicuzza,* 10 Ill. App. 3d 447), and we allowed leave to appeal.

The right of a criminal defendant to a speedy public trial has been codified in the statute above cited and a defendant is entitled to be tried within 120 days of his arrest and confinement unless delay has been caused by him. That 120-day period in this case expired on October

9, and the trial court properly discharged defendant unless it may fairly be said that delay in his trial was attributable to defendant's actions. It is to us clear that it was.

While the basis for the change of counsel on July 19 is not entirely clear (counsel's motion for leave to withdraw recites defendant's failure to cooperate, but defendant stated he had discharged counsel), it is obvious that defendant was not then ready for trial, particularly in view of his representation to the court that he had funds to employ counsel and had talked to a named Granite City attorney. Those statements clearly indicate defendant did not contemplate continued representation by the Public Defender who was then appointed to represent him pending employment of private counsel. To say that these actions occasioned no delay attributable to defendant is unrealistic. *People v. Johnson,* 45 Ill.2d 38.

Nor, in our judgment, is it accurate to characterize the motions for substitution of judges and for discovery as causing no delay. This court has repeatedly held, most recently in *People v. Zuniga,* 53 Ill.2d 550, that a motion for a change of judges constitutes delay occasioned by the defendant which will toll the 120-day period, and we see no reason to depart from that principle here. We recognize docket conditions in St. Clair County are not the same as in Cook County, but such a motion undeniably starts anew the administrative procedure of bringing defendant to trial. Nor is there apparent any explanation why the motion to disqualify judges Farmer and Gray was delayed until the day of trial when only they had entered earlier orders in the cases. Counsel either knew his client's objections and failed to make the motion earlier, or defendant failed to convey his objections to counsel until the trial date. In either case, a delay resulted which was attributable to the defendant.

Defendant's reliance on *People v. Nunnery,* 54 Ill.2d 372, in arguing that motions for discovery do not necessarily cause delay is misplaced. That case did discuss

defendant's right to discovery in relation to the 120-day rule, but its holding that defendant did not occasion delay by filing a discovery motion on the 115th day was motivated by and premised upon the fact that defendant was neither arraigned nor counsel appointed until the 115th day.

In this case, defendant had been represented by the Public Defender since July 19, 1971, and by private counsel prior to that time. The trial court had indicated a trial date in September. Despite this, counsel waited until October 6, 1971, the 117th day of the period, to file a discovery motion, a delay for which no explanation is offered, although we might speculate that defendant's continuing reiteration of his intention to secure private counsel might well have dissuaded appointed counsel from taking earlier action. In any event, there would inevitably still have been some delay resulting from the motion.

The 120-day rule is a desirable means of protecting individual liberties and expediting disposition of criminal litigation, and evasions of that rule by the State are not tolerated. (*People v. Nunnery*, 54 Ill.2d 372.) But this is not to say that a defendant may wait until the eve of trial to present a motion as easily made months earlier and then claim the benefit of the rule when the delay occasioned by his motion necessitates postponement of his trial.

The judgments of the appellate and circuit courts are reversed, and the cause remanded to the circuit court of St. Clair County for further proceedings consistent with this opinion.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. In *People v. Fosdick*, 36 Ill.2d 524, this court held that in each case it must be determined whether delay in the trial beyond the 120-day period was "occa-

sioned by the defendant." The court said, at pages 528-529: "In determining this question, the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. In the varied fact situations that involve the 120-day rule, we have carefully examined the facts to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him. *People v. Bagato,* 27 Ill.2d 165."

Here a circuit judge sitting in St. Clair County discharged the defendant, apparently having found that the defendant's actions did not cause or contribute to the delay.

The majority, engaging in pure conjecture, states: "Nor is there apparent any explanation why the motion to disqualify judges Farmer and Gray was delayed until the day of trial when only they had entered earlier orders in the cases. Counsel either knew his client's objections and failed to make the motion earlier, or defendant failed to convey his objections to counsel until the trial date. In either case, a delay resulted which was attributable to the defendant." This would suppose that either of these named judges carried an individual docket and completely ignores the fact that in many counties in this State, including St. Clair, that practice is not followed, and cases are sent out to trial to whatever judge is then available.

As pointed out by the appellate court, so far as this record reflects, the motion for discovery, filed on October 6, 1971, may have been summarily denied and there is no reason to conclude that allowance of a motion for substitution of judges resulted in anything more than removal to another court room.

The provisions of section 103—5 of the Code of Criminal Procedure are designed to implement the constitutional right of an accused to a speedy trial and to that end are to be liberally construed. (*People v. McAdrian,* 52 Ill.2d 250; *People v. Fosdick,* 36 Ill.2d 524.) This, it

appears to me, would mandate that the findings of the trial judge, possessed of knowledge of the conditions and circumstances in St. Clair County, should prevail over the conjectures of this court that "In any event, there would inevitably still have been some delay resulting from the motion."

I would affirm the appellate and circuit courts.

MR. JUSTICE DAVIS joins in this dissent.