THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
LESLIE J. BAZZELL, Defendant-Appellee.
Fifth District   No. 75-87

Opinion filed March 22, 1976.—Rehearing denied April 21, 1976.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

James J. Gomric, of Belleville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The State has brought this appeal from an order of the trial court granting defendant's motion to dismiss the charges against him pursuant to section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, §103—5).

The defendant was charged with 15 counts of theft over $150 and one count of official misconduct by an indictment filed in the circuit court of St. Clair County, Illinois, on September 6, 1973. The defendant appeared at his arraignment on September 10, 1973, with privately retained counsel, pled not guilty and was released on $5,000 bond.

On February 8, 1974, the defendant filed an immediate jury demand and a motion for discovery. Some 4½ months later, on June 28, 1974, the discovery motion was answered. The cause went to trial on July 15, 1974, and lasted 8 days. A mistrial was declared when the jury indicated itself hopelessly deadlocked after 13 or 14 hours of deliberation.

One hundred and thirty one days later, the defendant moved to dismiss the charges on grounds that an unreasonable period of time had elapsed following the mistrial and that the defendant's constitutional right to a speedy trial had been violated. At the hearing on the motion the State called as a witness the administrative assistant to the chief judge of the criminal division of the circuit, Mr. Eddie Klingelsmith. He testified that he was familiar with the instant case and was aware of the circumstances of the mistrial. He indicated that it was the practice of the court to "more or less shut down" for the month of August. The case was first set for trial in the weeks of September 9 and 16 but was not tried. The case was next docketed for October 21 and October 28 but was not tried. On cross-examination Mr. Klingelsmith indicated that the trials of incarcerated criminal defendants might have prevented holding the trial of this defendant during that month. Another case charging the instant defendant with arson was tried in October and a guilty verdict was returned. A sentencing hearing in aggravation and mitigation was heard in that case in November. The instant cause was never scheduled for trial in November. The case was set first on the docket of cases to begin on December 2, 1974, in response to a written request of the State's Attorney to the chief judge. Defendant's motion to dismiss was filed on the same day, and after a hearing held the following day, the motion was granted.

■■ The Illinois Statute dealing with the right to a speedy trial (Ill. Rev. Stat. 1973, ch. 38, §103—5) does not, by its terms, deal with a mistrial situation. The Illinois Supreme Court spoke to that question in *People v. Gilbert*, 24 Ill. 2d 201, 181 N.E.2d 167. *Gilbert* indicates that (1) the statutory period does not begin to run anew following a mistrial, and (2) the standard for evaluating whether a defendant's right to a speedy trial has been violated is a constitutional one.

The State asserts the standard for evaluation to be that there must be actual prejudice to the defendant in consequence of the delay or that the delay must be shown to be either deliberate or oppressive on the part of the State. We do not agree that this formulation properly states the applicable standard.

■■ While prejudice to the defendant or deliberate or oppressive delay on the part of the State strongly indicates a violation of a defendant's right to a speedy trial, it is not clear that these elements must be present to establish a violation of this constitutional right. Each case must be examined in light of its own particular facts. *People v. Mason,* 118 Ill. App. 2d 47, 254 N.E.2d 600.

Of the cases cited by the State to support its contention, those which are germane to the instant case present some element of delay attributable to the defendant, but show no element of prejudice or of deliberate or oppressive delay on the part of the State. In *People v. Mason,* the defendant requested a continuance and did not offer to stipulate to evidence in the absence of a witness which could have brought about his retrial within a reasonable period. In *People v. Hudson,* 46 Ill. 2d 177, 263 N.E.2d 473, the defendant, although he did not himself request a continuance, did not object to the State's request for one.

■■■ In the instant case there is no indication whatever in the record by which any delay can be attributed to the defendant. We consider this case to be controlled by *People v. Aughinbaugh,* 53 Ill. 2d 442, 292 N.E.2d 406, in which a lack of any explanation for a delay of 180 days following a mistrial was held to require a dismissal of charges even where there was some indication of delay attributable to the defendant. Here there was a delay of 131 days between the declaration of a mistrial and the motion to dismiss. This delay cannot be attributed in any way to the defendant and is unexplained by the State except for a flat statement of complete judicial inactivity for one month and a mere supposition that "the trial of incarcerated defendants" may have preempted the judicial resources needed to try the defendant who was free on bond.

As in *People v. Macklin,* 7 Ill. App. 3d 713, 716, 288 N.E.2d 503, "* * * a lack of diligence on the part of the State or the faulty operation of judicial administration   * * *" cannot be charged to the defendant. If the illness of the judges assigned to the circuit (*Newlin v. People,* 221 Ill. 166, 77 N.E. 529) or the illness of a State's Attorney (*People v. Hatchett,* 82 Ill. App. 2d 40, 226 N.E.2d 97) cannot serve to excuse delay in bringing a defendant to trial, still less can the reasons offered by the State in the instant case serve to excuse the delay.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.