THE PEOPLE *ex rel.* Rudolph Jonas

*v.*

CHRISTOPHER STRASSHEIM, Sheriff of Cook County.

*Opinion announced orally October 21, 1907.*

1. HABEAS CORPUS—*an order remanding prisoner to custody of sheriff not invalidated by subsequent void proceedings.* An order of the criminal court of Cook county, entered upon the disagreement of a jury, remanding a prisoner indicted for murder to the custody of the sheriff of that county remains in full force and is a sufficient warrant to said sheriff to hold the prisoner, notwithstanding an invalid order transferring the cause to the municipal court of Chicago and a void and ineffectual attempt of the latter court to try the prisoner and sentence him for the crime with which he is charged.

2. SAME—*irregular proceedings do not entitle a prisoner to discharge.* A prisoner under indictment for murder in the criminal court of Cook county. who is by a valid order of that court remanded to the custody of the sheriff of Cook county upon disagreement of a jury, will not be discharged on *habeas corpus* because said criminal court subsequently attempted, without authority of law, to transfer the cause to the municipal court of Chicago, which latter court assumed, though without jurisdiction, to try and sentence the prisoner, where such prisoner has been continuously in the custody of the sheriff from the time he was properly remanded there by the criminal court, and where the cause had been re-docketed in the latter court and a *capias* issued to the sheriff for the prisoner after the writ of *habeas corpus* was issued.

3. SAME—*question of failure to try a prisoner for four terms is not ground for writ.* An application for the discharge of a prisoner because of the failure of the prosecution to bring the cause to trial at or before the fourth term of court, as provided by statute, should be made by motion when the cause is called for trial in the court where the indictment is pending, and cannot be first made on *habeas corpus* in another jurisdiction; and an improper denial of such motion should be preserved by bill of exceptions for review on error. (*Murphy* v. *People,* 212 Ill. 584, followed.)

ORIGINAL petition for *habeas corpus.*

JOHN E. W. WAYMAN, for petitioner:

A case may be transferred to another court provided the court to which it is transferred has jurisdiction of the offense; but the transfer itself cannot vest jurisdiction, and the indictment must show jurisdiction in the court to which it is transferred by alleged venue therein. *Barr* v. *People,* 103 Ill. 110; *Arroyo* v. *Superior Court,* 92 Cal. 251; *Bell* v. *O'Rourke,* 11-12 La. (old series) 81; *Gibson* v. *Friedley,* 135 Ind. 129; *People* v. *Wong Wang,* 92 Cal. 281; 1 Chitty on Crim. Law, 131; *State* v. *Cotton,* 4 Fost. 143; 1 Bishop on Crim. Proc. sec. 375; *People* v. *Gregory,* 30 Mich. 373; *Johnson* v. *People,* 28 Tex. App. 563; *Myers* v. *People,* 26 Ill. 173.

The writ of *habeas corpus* is the proper remedy here. The judgment is not voidable but void, and a denial of the writ is a suspension of it. Brown on Jurisdiction, 348; *In re Sawyer,* 124 U. S. 200; *In re Bonner,* 151 id. 242; *In re Coey,* 127 id. 758.

If want of jurisdiction appears on the face of the record a discharge should follow. *In re Lewis,* 120 U. S. 274; 12 Am. & Eng. Ency. of Law, 311.

The argument *ad inconvenienti* should have but little weight, if any. Such arguments do not throw a particle of light on the vital questions of the case. *Knickerbocker* v. *People,* 102 Ill. 221.

The criminal court of Cook county has lost jurisdiction in this case, and therefore the motion of the attorneys for the respondent to have the case remanded to that court is of no avail. No delays have happened on application of the relator. *Brooks* v. *People,* 88 Ill. 329; *Dougherty* v. *People,* 124 id. 559; *People* v. *Matson,* 129 id. 595; *People* v. *Murphy,* 214 id. 587.

There is no such thing as a trial *de facto.* There may be a *de facto* officer of a *de jure* office. While the constitution or form of government remains unchanged there can

be no *de facto* department or *de facto* office. *Norton* v. *Shelby County,* 118 U. S. 443.

It seems the only place where the expression *"de facto* trial"* may be found is in Missouri. *State* v. *Bulling,* 105 Mo. 204.

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (CHARLES F. MANSFIELD, JAMES J. BARBOUR, and F. L. BARNETT, of counsel,) for respondent:

The municipal court having acted without jurisdiction the trial therein is a nullity and there has been no jeopardy. *Paulsen* v. *People,* 195 Ill. 516.

The order transferring to the municipal court being a void order, the cause is still pending in the criminal court, and that court has jurisdiction to try the petitioner. *State* v. *Laughlin,* 75 Mo. 358.

The function of the *capias* is simply to apprehend the prisoner and deliver him to the jail, there to remain until discharged in due course of law. Starr & Cur. Stat. chap. 38, sec. 600.

The petitioner should be discharged from the judgment and commitment of the municipal court but remanded to the custody of the sheriff for trial in the criminal court. *Nomaque* v. *People,* Breese, 145; *State* v. *Miesen,* 98 Minn. 20; *In re Harris,* 68 Vt. 243; *Ex parte Jones,* 27 Ark. 353; *Miller* v. *Snyder,* 6 Ind. 1; *State* v. *Goudalock,* 1 Brev. 48; *Coleman* v. *Tennessee,* 97 U. S. 509.

In sustaining appeals from void orders the order should be reversed and remanded for legal trial. *Phillips* v. *People,* 88 Ill. 160; *State* v. *Bulling,* 100 Mo. 87.

Petitioner is not entitled to discharge because of failure to bring him to trial, where there has been a trial *de facto* and the prisoner has subsequently not been held for trial but for punishment until the judgment was reversed or annulled. *Marzen* v. *People,* 190 Ill. 86; *State* v. *Bulling,* 105 Mo. 204; *Commonwealth* v. *Adcock,* 8 Gratt. 661;

*Smith* v. *Commonwealth*, 85 Va. 924; *People* v. *Murphy*, 212 Ill. 584; *State* v. *Conrow*, 13 Mont. 552; *Ex parte Gibson*, 31 Cal. 619.

Mr. CHIEF JUSTICE HAND announced the opinion of the court:

This is a petition for a writ of *habeas corpus*. The petition is filed for the purpose of setting at liberty Rudolph Jonas. It is alleged in the petition that Rudolph Jonas is unlawfully held by the sheriff of Cook county by virtue of a judgment of the municipal court of Chicago, and the *mittimus* issued on that judgment directing the sheriff of Cook county to hold said Jonas and to take him and deliver him to the warden of the penitentiary at Joliet. A return by the sheriff has been made, and the questions involved have been argued on written briefs on behalf of the petitioner and on behalf of the Attorney General and the State's attorney of Cook county.

It appears from the petition that Rudolph Jonas was indicted by the grand jury of Cook county for the crime of murder, it being alleged in the indictment that in the county of Cook he feloniously and unlawfully pushed and shoved one Albert Werkel into a river located in the county of Cook, from the result of which, by falling into the water, he was drowned. A plea of not guilty was entered, and Jonas was placed upon trial upon this indictment in the criminal court of Cook county. The jury failed to agree, whereupon the court before which the case was tried remanded him to the sheriff of Cook county. The State's attorney thereupon made a motion in the criminal court that the case be transferred to the municipal court of the city of Chicago for trial. That motion was resisted by Jonas, but over his objection the case was transferred to the municipal court, and trial was had in that court before a jury over the objection of Jonas, and he was convicted by the jury of the crime of manslaughter, and the municipal court,

after having overruled his motion for a new trial, sentenced
him to the penitentiary. The position is taken by Jonas that
the municipal court of the city of Chicago was without ju-
risdiction to try his case.

It appears from the indictment that Jonas committed
the crime with which he was charged in the county of Cook,
there being no allegation in the indictment that he commit-
ted the crime within the limits of the city of Chicago. In
a recent case decided by this court (*Miller* v. *People*, 230
Ill. 65,) it was held that the municipal court of the city
of Chicago had no power or jurisdiction to try an offense
committed outside of the limits of the city of Chicago. All
of the intendments being against the pleader, and this in-
dictment having alleged that he committed the crime in
Cook county, the presumption would be that he committed
the crime outside of the limits of the city of Chicago,—at
least there is no allegation in the indictment that he did
commit the crime within the limits of the city of Chicago;
and under the ruling in the *Miller case* it is conceded by the
Attorney General and the State's attorney that the munici-
pal court of the city of Chicago was without jurisdiction to
try Jonas upon said indictment certified to that court from
the criminal court of Cook county, and that, so far as the
judgment of the municipal court and the *mittimus* issued by
the municipal court are concerned, that court was without
authority to try Jonas, or to render a judgment of convic-
tion against him, upon the verdict rendered by the jury, or
to issue the *mittimus* to the sheriff of Cook county directing
him to take him and deliver him to the warden of the peni-
tentiary. So that it is conceded, so far as that judgment
is concerned, that all orders made by the municipal court of
Cook county are absolutely void.

The question then arises, what action should be taken
with reference to the discharge, by this court, of Jonas? It
is the opinion of the court that while Jonas is entitled to
be discharged from the custody of the sheriff by reason of

any judgment or any process of the municipal court of the city of Chicago, it does not necessarily follow that he is entitled to be discharged. The sheriff sets up, in his return to the writ of *habeas corpus,* that he originally took Jonas into his custody by virtue of a warrant issued by the coroner of Cook county, under the charge of murder, which directed him to hold him to answer an indictment by the grand jury of Cook county; that an indictment was afterwards returned, and that thereupon a *capias* was issued and was delivered to him and that he held Jonas by virtue of that *capias;* that subsequently, when Jonas was placed upon trial, from day to day he took him into open court, and upon the adjournment of court upon each day the court made an order remanding him to his custody; that after the jury failed to agree on the trial in the criminal court the criminal court remanded Jonas to the custody of the sheriff of Cook county; that during the trial in the municipal court he continued to hold Jonas, and that on the morning of each day of the trial he delivered him to the bailiff of that court and that he was taken into the municipal court, and upon the adjournment, during each day of his trial, he was thereafter remanded to the custody of the sheriff and the bailiff took him back to the jail and delivered him to the sheriff, and that after the trial in the municipal court he was remanded to the sheriff; that subsequent to the issuing and serving of the writ of *habeas corpus* in this case, it being conceded that the judgment of the municipal court was void, the case, upon the motion of the State's attorney, was re-docketed in the criminal court and a new *capias* was issued and delivered to the sheriff of Cook county, and his return recites that he holds Jonas by virtue of these various writs and orders which have been issued to him by the criminal court of Cook county.

We think it is apparent that the last valid order issued by any court in this case prior to the time when the writ of *habeas corpus* was issued was the order made by the crim-

inal court of Cook county remanding Jonas to the custody
of the sheriff after the jury had failed to agree on the trial
in the criminal court, and that all other orders made by the
criminal court or made by the municipal court were without
authority of law; that by virtue of that order, if by virtue
of no other order or process, the sheriff had a right to retain
the prisoner, Jonas, in his custody, and that he was not
entitled to his discharge. To illustrate: If the sheriff had
been sued by Jonas for false imprisonment, while it might
appear that these void orders had been made transferring
the case to the municipal court, and while the municipal
court might have tried it and issued void orders, still the
sheriff would have had a right to defend against the charge
of false imprisonment upon the order of the court remand-
ing Jonas to his custody after the trial in the criminal court
in which the jury failed to agree.

While it is true that the writ of *habeas corpus* is the
highest writ known to the law and all other writs must give
way before it, and the sheriff, if he unlawfully held this man
at the time the writ of *habeas corpus* was served upon him,
could have claimed no right to hold him by any proceedings
which took place subsequent to the service of the writ of
*habeas corpus,* still we think the criminal court had jurisdic-
tion to re-docket the case, and issue a *capias* in the case after
it was re-docketed, for the purpose of showing, if for no
other purpose, that the criminal court had not abandoned
or surrendered jurisdiction of Jonas; and the order re-
docketing that case and issuing a *capias* relates back to his
lawful imprisonment prior to the time when the writ of
*habeas corpus* was issued, so that in the judgment of the
court Jonas is properly held by the sheriff by virtue of the
order of the criminal court of Cook county.

It is suggested that Jonas has been in the custody of the
sheriff of Cook county,—been in the county jail of Cook
county,—more than four terms since he had his trial in the
case in which the jury failed to agree, and that under the

statute he is entitled to his discharge, and that this court will not do a useless or unnecessary thing,—that is, this court would not remand Jonas to the custody of the sheriff of Cook county if it is apparent to this court that immediately upon his being remanded it would be the duty of the criminal court of Cook county to order his release by reason of the fact that he had been imprisoned in the county jail of Cook county more than four terms without a trial. As we view the matter that question is not presented to the court at the present time for decision. It may be that the question will never be raised in the criminal court of Cook county. It is a matter purely resting with the defendant. It is a matter that can be waived by him, and it may be that, this case having been re-docketed, he may not raise the question of his detention for an unlawful length of time. Furthermore, the question may become wholly immaterial. It may be that he may make a motion that he be discharged, and that motion may be overruled and he may be put upon his trial and acquitted. If he should be, then the question would be wholly immaterial.

There is another reason why we think that that question at the present time is wholly immaterial, and that is this: It has been recently held by this court in the case of *Murphy* v. *People,* 212 Ill. 584, that the question whether a defendant charged with crime and in the custody of the sheriff is entitled to release by reason of his detention for more than four terms cannot be raised on *habeas corpus;* that the only way in which he can raise that question is to make a motion when his case is called for trial, and if the ruling is against him on that proposition, to assign error upon the record, and after his trial has been completed, if he should be convicted, to bring that question before this court on a writ of error. It can readily be seen that when that question is presented to this court upon a full record, upon a writ of error, it might assume an entirely different aspect from what it does at the present time.

The order of the court will be, therefore, that Jonas be released from the effect of the judgment of the municipal court of the city of Chicago and from the *mittimus* or process which was issued to the sheriff of Cook county after that conviction, but that he be remanded to the sheriff of Cook county under the original process by which he was held, to answer to the indictment preferred against him for the crime of murder.                        *Petitioner remanded.*