THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUDOLPH JONAS, Plaintiff in Error.

*Opinion filed April 23, 1908.*

1. CRIMINAL LAW—*right to a speedy trial continues after mistrial.* The right of one imprisoned for crime to a trial within the time fixed by section 18 of division 13 of the Criminal Code continues after a trial has been had and the jury has disagreed; and in such case the prisoner, after his remandment to prison, is entitled to another trial within the same limit of time, beginning to run from the date of the disagreement of the jury.

2. SAME—*a trial by a court having no jurisdiction must be disregarded.* In determining the right of a prisoner to discharge for want of a trial at some term of court held within four months from the time he was remanded to prison after the failure of the jury to agree in his first trial, the proceedings in another court, to which the cause was subsequently transferred against the prisoner's objection and which resulted in a trial and conviction, must be disregarded, where such court had no jurisdiction to try the case.

3. SAME—*what is not a waiver of prisoner's rights.* The fact that the prisoner, after being tried by a court having no jurisdic-

tion of the offense, moves for a new trial, in arrest of judgment and for time to file a bill of exceptions, does not constitute a waiver of his right to object to the jurisdiction of the court nor amount to a consent to the delay in bringing him to trial in the proper court.

4. SAME—*prisoner held under void sentence is not held for punishment.* A prisoner held under a void sentence by a court having no jurisdiction of the offense for which he was tried and convicted must be regarded as being held for trial in the proper court, and not as being held for punishment.

5. SAME—*what is no excuse for delay in bringing a prisoner to trial.* That a prisoner who had been tried, convicted and sentenced by a court having no jurisdiction of the offense, filed a petition for a writ of *habeas corpus,* which he subsequently dismissed, affords no excuse for delay in bringing the prisoner to trial in the proper court, where no writ of *habeas corpus* was ever ordered to be issued on the petition.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHN E. W. WAYMAN, for plaintiff in error:

The defendant had the absolute right to be discharged from custody when he made his motion at the October term of the criminal court of Cook county, and again at the November term. *People* v. *Strassheim,* 228 Ill. 588; *People* v. *Heider,* 225 id. 350; *Newlin* v. *People,* 221 id. 166; *In re Begerow,* 133 Cal. 178; *State* v. *Sims,* 1 Overt. 253; *State* v. *Kuhn,* 154 Ind. 450; *In re Garvey,* 7 Col. 502; *Walker* v. *State,* 89 Ga. 482; *Durham* v. *State,* 9 id. 306.

At the time of his motion for discharge defendant had been held for trial during more than nine terms of the criminal court of Cook county, and as the sheriff had no authority to hold him under any order or judgment of the municipal court of Chicago, it cannot be said that he was being held for punishment. To be held for punishment under a void (not voidable) judgment is a contradiction of terms. *People* v. *Strassheim,* 228 Ill. 587; *Herrick* v. *Smith,* 1 Gray, 45; *Wise* v. *Withers,* 3 Cranch, 337.

Forcing the defendant from a court having jurisdiction into a court not having jurisdiction of the offense cannot deprive him of his legal right to be discharged for failure to try him before a court having jurisdiction of the offense within the time fixed by law. *Norton* v. *Shelby County,* 118 U. S. 442; Cooley's Const. Lim. 5; *People* v. *Heider,* 225 Ill. 350.

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (BENEDICT J. SHORT, and JAMES J. BARBOUR, of counsel,) for the People:

A trial within four months from the date of commitment is all that the statute requires, even though the jury fails to agree. *Gillespie* v. *People,* 176 Ill. 238; *Adcock's case,* 8 Gratt. 661.

The State has a reasonable time in which to commence a second trial of a prisoner. *Gillespie* v. *People,* 176 Ill. 238; *Glover's case,* 109 Mass. 340; *Weyrich* v. *People,* 89 Ill. 95.

This may be any time within four months from the first trial, or longer. *Marzen* v. *People,* 190 Ill. 81.

The defendant recognized the jurisdiction of the municipal court by making motions there for new trial, in arrest of judgment and for time to file a bill of exceptions. These motions were, in effect, an agreement to continue the cause, and the State's attorney was not required to proceed in the criminal court while defendant required his presence in the municipal court. *Ochs* v. *People,* 25 Ill. App. 379; *People* v. *Matson,* 129 Ill. 591.

The municipal court proceedings constituted a trial sufficient to meet the requirements of the statute. Hurd's Stat. chap. 37, sec. 287; *Chicago* v. *Reeves,* 220 Ill. 274; *State* v. *Bulling,* 105 Mo. 204; *State* v. *Conrow,* 13 Mont. 555; *Baxter* v. *People,* 3 Gilm. 388; *State* v. *Strauder,* 11 W. Va. 745; *Commonwealth* v. *Jailer,* 7 Watts, 366; *Wadley's*

*case,* 98 Va. 803; *Adcock's case,* 8 Gratt. 661; *Clark* v. *Commonwealth,* 28 Pa. St. 135; *People* v. *Murphy,* 212 Ill. 584; *Weyrich* v. *People,* 89 id. 95.

After the sentence by the municipal court the defendant was held not for trial but for punishment, until that sentence was set aside. *Patterson* v. *State,* 50 N. J. L. 421; *Smith* v. *Commonwealth,* 85 Va. 924; *Fielden* v. *People,* 128 Ill. 595.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error prosecutes this writ to reverse his conviction of the crime of manslaughter. He was arrested July 20, 1906, and at the July term, 1906, of the criminal court of Cook county was indicted for the murder of Albert Worckel. He was tried at the January term, 1907, of that court, but the jury disagreed. Thereupon the cause was transferred, against his objection, on motion of the State's attorney, to the municipal court of Chicago, where on February 6, 1907, he was found guilty of manslaughter, and on March 30, 1907, his motion for a new trial was overruled and he was sentenced to imprisonment in the penitentiary. No effort was made by the sheriff to execute the *mittimus* issued upon this judgment of conviction by delivering the prisoner to the warden of the penitentiary, but the plaintiff in error remained in the custody of the sheriff and in the county jail of Cook county until October, 1907. At the last October term of this court, on his petition for a writ of *habeas corpus,* it was held that the municipal court was without jurisdiction to try the plaintiff in error on the indictment certified to it by the criminal court, and that its judgment, and the *mittimus* issued thereon, were void, but that the sheriff had the right to retain the plaintiff in error in his custody by virtue of the order of the criminal court remanding the prisoner to the custody of the sheriff after the jury had failed to agree on the trial in that court. The plaintiff in error was therefore discharged from imprison-

ment under the judgment of the municipal court but remanded to the custody of the sheriff under the process of the criminal court. (*People* v. *Strassheim,* 228 Ill. 581.) On motion of the State's attorney the cause was re-instated on the trial docket of the criminal court on October 14, 1907. Thereafter, on November 18, 1907, at the November term of the criminal court, the plaintiff in error moved for his discharge from imprisonment on the ground that he had not been tried within the time required by law. This motion having been overruled, he was placed on trial, again found guilty of manslaughter and sentenced to the penitentiary.

The motion to discharge the plaintiff in error should have been sustained. Section 18 of division 13, chapter 38, of the Revised Statutes, confers upon all persons imprisoned on a criminal charge the absolute right to be set at liberty unless tried within the time fixed by that statute, except under the circumstances mentioned in the section itself. (*Newlin* v. *People,* 221 Ill. 166; *People* v. *Heider,* 225 id. 347.) Here the only court having jurisdiction to try the plaintiff in error was the criminal court of Cook county. At the time the plaintiff in error moved for his discharge, more than four months and many terms of that court had elapsed after the trial which resulted in a disagreement of the jury.

It is answered on behalf of the People that the requirement of the statute is satisfied by a trial within the time limited, even though the jury fails to agree. This is true, but it does not relieve the prosecution of the duty of giving the prisoner, after his remandment to prison upon the failure of the jury to agree, another trial within the same limit of time, beginning to run from the date of the disagreement of the jury. By section 9 of article 2 of the constitution every person accused of crime is guaranteed a speedy public trial, and this guaranty is made effective by the section of the statute under consideration. The object of a speedy trial is to determine the guilt or innocence of the accused,

to the end that he may be promptly punished if guilty or set at liberty if unjustly accused. If the trial does not produce this result the necessity for the constitutional guaranty remains, and the accused is still entitled to its benefit and to the benefit of the statute enacted to make it effective.

It is urged that the proceedings in the municipal court constituted a trial sufficient to meet the requirements of the statute; that after the sentence of the municipal court the plaintiff in error was held, until that sentence was set aside, for punishment and not for trial, and that by his motions for a new trial, in arrest of judgment and for time to file a bill of exceptions, and his agreement to postpone the hearing of the motion for a new trial, plaintiff in error acknowledged the jurisdiction of the municipal court, consented to the delay, and cannot therefore complain of the failure to try him in the criminal court. The trial to which the plaintiff in error was entitled was in the court having jurisdiction of the offense. It was expressly decided in *People* v. *Strassheim, supra,* that he had had, and could have, no such trial in the municipal court. After the sentence of the municipal court he was not held for punishment. That sentence has never been set aside. Such action was unnecessary. The sentence was void. The only lawful authority the sheriff then had for the detention of the plaintiff in error was the order of the criminal court remanding him to the custody of the sheriff. When the plaintiff in error was unlawfully put on trial in a court having no jurisdiction to try him, he could not have given the court jurisdiction had he desired to do so. By resisting, to the extent of his ability, the efforts of the prosecution to procure an unlawful sentence of conviction in a court without jurisdiction he did not waive his right to object to the jurisdiction or consent to what was done. It would require a long stretch of the imagination to say that such action amounted to a consent to the delay in bringing him to trial in the proper court. The proceedings in the municipal court were void. They conferred no rights

and afforded no protection. In legal contemplation they are as ineffectual as if they had never occurred. In this case all the proceedings from the order of February 2 remanding the defendant to the custody of the sheriff on the failure of the jury to agree, to the re-instatement of the cause on October 14, must be disregarded. No legal explanation of the delay in the prosecution during this period is presented.

Some stress was placed in the oral argument upon the fact that the plaintiff in error on April 16, 1907, after the sentence of the municipal court, filed in the superior court of Cook county a petition for a writ of *habeas corpus,* which was pending in that court until September 30, when it was dismissed by the petitioner. The question is not discussed in the briefs and it is not important, since it is not claimed that any writ of *habeas corpus* ever issued or was ordered to issue. The filing of this petition therefore affords no excuse for the delay in bringing the plaintiff in error to trial.

The judgment of the criminal court will be reversed and an order will be entered here for the discharge of the plaintiff in error.                    *Judgment reversed.*