THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMY GARRY, a/k/a JIMMIE GARRY, a/k/a JOHN DOE, Defendant-Appellant.

(No. 70-3; )

Third District—March 25, 1971.

Theodore A. Gottfried, of Defender Project, of Ottawa, for appellant.

Robert S. Calkins, State's Attorney, of Peoria, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Peoria County. Jimmy Garry, hereinafter referred to as the defendant, was indicted for the offense of attempted murder and attempted armed robbery. The defendant tendered and the court accepted his plea of guilty to both of the offenses charged in the indictment. The court sentenced the defendant on Count I, which charged attempted murder, to a term of imprisonment of nine (9) to eighteen (18) years and on Count II, which charged attempted armed robbery, to a term of imprisonment of nine (9) to fourteen (14) years. The sentences were to be served concurrently by the defendant.

On February 14, 1969, the defendant entered the business establishment in Peoria, Illinois, known as the Household Finance Corporation. He brandished a gun and attempted to force Richard J. Robinson, an employee, to turn over to him some money. A Peoria police officer, Charles Faw, appeared upon the scene and the defendant started shooting at him. This brief summarization of the facts sets forth the conduct of the defendant which subsequently resulted in his conviction and sentence of imprisonment for the crimes of Attempted Murder and Attempted Armed Robbery.

The issue presented by this appeal is whether the defendant may be convicted and receive concurrent sentences for offenses arising out of conduct committed at the same time and place.

It is contended that the series of acts committed by the defendant were

all part of the same transaction and therefore there should not have been multiple convictions and sentences. In support of this argument the following cases are cited by the defendant: *People v. Duszkewycz,* 27 Ill.2d 257, 189 N.E.2d 299; *People v. Stewart,* 45 Ill.2d 310, 259 N.E.2d 24; and *People v. Squires,* 27 Ill.2d 518, 190 N.E.2d 361. In *Duszkewycz* the defendant was sentenced for both rape and incest, in *Stewart* the multiple sentences were for aggravated battery and attempted robbery and in *Squires* we have the combination of burglary and larceny. It should be noted that in these cases there was but one victim, while in the case before us we have the attempted robbery of the Household Finance Corporation and the attempted murder of officer Faw.

*People v. Whittington,* 46 Ill.2d 405, 265 N.E.2d 679, presented the factual situation where the accused stole a motor vehicle on prison grounds as part of his plan of escape. The trial court imposed two sentences, one on the escape charge and one on the charge of theft. Upon review the Supreme Court held that theft of the automobile was not "independently motivated or otherwise separable" from the conduct which constituted the offense of escape and held it to be improper for the defendant to be sentenced on the theft charge.

Following the rationale in the *Whittington* opinion we can only conclude that the defendant in the case before us was independently motivated when he committed the crime of attempted armed robbery and again when he committed the crime of attempted murder. The series of acts engaged in by the defendant illustrate that he was first motivated to rob the Household Finance Corporation, and when foiled in his attempt to do so by the appearance of a police officer he was motivated to try and escape and in his effort to escape he commenced shooting at the officer. An analysis of the acts committed will permit no other interpretation. We cannot accept the argument that the acts of the defendant were all included in a single transaction for we have present two separate and unrelated victims and each provided him with an independent motive.

In *People v. Whittington, supra,* Chief Justice Underwood in a dissenting opinion stated:

"A series of acts should be treated as a single act until an additional factor is introduced which was previously absent, and which is an essential element necessary for the proof of a separate offense. That is, when more than one act and more than one offense are involved, and proof of the separate offense requires proof of at least one additional essential element, which was not in existence at the time of the first offense, then the offenses are separable and convictions may be had and sentences imposed on both."

Whether we apply the "independent motivation" test in the majority

opinion of *People v. Whittington* or the "additional factor" test set forth in the minority opinion is immaterial as far as the case before us is concerned. The result would be the same since both "independent motivation" as well as an "additional factor" are present. When officer Faw arrived upon the scene of the attempted robbery we have present an "additional factor" which resulted in the defendant committing the crime of attempted murder, a crime which requires the proof of at least one additional element, to-wit, the intent to kill.

For the reasons stated we affirm both convictions of the circuit court of Peoria County.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.