THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD L. LERCH, Defendant-Appellant.

(No. 70-190;

Third District—April 13, 1971.

Theodore Gottfried, of Defender Project, of Ottawa for appellant.

James N. DeWulf, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Donald L. Lerch pleaded guilty on December 19, 1969, to charges of attempted escape and aggravated battery. He was convicted upon his plea and was sentenced to a term of 3 to 5 years on the charge of attempted escape and of 5 to 10 years on the charge of aggravated battery, with the sentences to be served concurrently. On appeal in this Court it is contended by defendant that the court erred in sentencing him for two offenses arising out of the same act or transaction. The record indicates that the attempted escape was made from the Rock Island County Jail and the aggravated battery resulted from an attack on a jailer at the time of the attempted escape. The defendant was shown to have attacked

a jailer who had come up to let another prisoner out of the cell block to make a phone call. The jailer was struck and kicked several times as a result of which he sustained substantial injuries. An attempted murder charge was stricken by the State following sentencing on the two charges referred to.

This Court has considered a similar problem in *People v. Jimmy Garry* in an opinion recently filed. (Third District Appellate Docket 70–3, 1971). In the *Garry* case, the defendant was sentenced to terms of imprisonment for attempted murder and attempted robbery. In that case the defendant had been handling a gun attempting to hold up a loan company office when the police officer apeared on the scene and defendant started shooting at him. In that case we pointed out that in *People v. Duszkewycz*, 27 Ill.2d 257, 189, N.E.2d 299, which is cited by the defendant, the rape and incest resulted from the same conduct with the same victim, and that in *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24, there was a conviction of aggravated battery and attempted robbery of the same person. The victim in each case was one person.

Defendant contends that if the offenses arise out of the same act or transaction, the court could not sentence a defendant for two offenses. A recent case which was decided in the Supreme Court (*People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679), involved a situation where the defendant stole a motor vehicle in prison grounds as part of his plan of escape. In that case the trial court imposed two sentences, one on the escape charge and the other on the charge of theft of the automobile. The Supreme Court held that the theft of the automobile was not "independently motivated or otherwise separable" from the conduct which constituted the offense of escape and consequently said that the sentencing on the theft charge was not proper. In the *Whittington* case the victim of both the escape and the theft charge was the State of Illinois. There was no independent victim involved.

In all the cases involving this issue, a number of phrases or words have been used as standards of distinction as to when the sentencing for two offenses arising out of the same acts or series of acts or the same "transaction" is proper. In the *Whittington* case, *supra*, the phrase "independent motivation" appeared in the majority opinion, and "additional factor" appeared in the minority opinion as we have indicated in the *Garry* case. Where these factors involve an apparent departure from a course of conduct, it is clear that an independent or separate sentence for different crimes would be appropriate. The difficult cases involve those in which there is an attempted escape. In this type of case, as has been noted in *People v. Whittington, supra,* the emphasis is on "independent motivation" or the fact that the victim of both acts is the same entity.

In the cause before us, the general motivation was obviously to escape. The escape apparently was initiated by an assault on the jailer. The escape was a crime against the State, but the assault on the jailer was a crime against the individual. If we were to adopt the "single transaction" theory or the "independent motivation" theory, we could say that the motivation in the case was simply to escape, and to achieve such objective by assaulting the jailer and perhaps assaulting other jailers or any pursuing law enforcement officers or independent citizens who would seek to restrain the defendant as he sought to make good his escape. There could be no limit to the potential violations and assaults on individuals and to the extent and magnitude of continuous or additional crimes which might result in the process of making good an escape. If we were to sanction a theory that, in all such cases, a sentence could only be for one offense irrespective of the number of individuals who might have been killed or assaulted in the process, we might reach a rather strange and incongruous result, that a defendant who commits crimes of such character could only be held responsible for one of such crimes since his motivation was always to escape. It could be said, consistently, that the motivation of any criminal is usually to complete the crime successfully without being caught.

● 1 We do not believe that the one sentence principle is one which was adopted for the purpose of freeing a defendant from the consequences of a series of crimes against a series of individuals which may result from an attempt to escape. The principle was obviously one which sought to hold a defendant responsible forr only one criminal act as a result of a series of acts as against a single victim, and to prevent the possibility that he might be sentenced for a number of successive crimes involving such individual, where there is really only one criminal procedure as against one victim. This is seen clearly in cases of rape and burglary, rape and incest, and aggravated battery and attempted robbery, and in the *Whittington* case where there was a theft of a motor vehicle belonging to the State as part of the plan of escape. Holding a defendant responsible for only the most serious of such crimes is a sound application of the single sentence principle.

■■ Where, however, a person is assaulted in the course of an attempt to escape from an institution, we do not believe that the principle should be applicable to relieve the prisoner seeking to make the escape from the consequences of such injury to another individual or individuals in the process of escape or from a separate sentence for the crime of escape. We, therefore, feel that the determination of cases of this type should, in all areas, be considered with regard to the victim involved. If a single victim is involved then it may be, in fact, part of the same transaction or series of acts, without the introduction of an additional factor or victim. Separate sentencing in such case would not be proper. Applying this principle to

the burglary and rape case referred to in *People v. Duszkewycz, supra,* a different situation would have existed if the victim of the rape had been a non-tenant of the home or apartment, who came into the home or apartment (or who was admitted at the door by the criminal). Victims in such cases would have been different and separate sentencing would be appropriate. In escape cases, the additional factor of an assault on an individual or other criminal act against an individual is involved, and this act should not be considered as part of the transaction involving escape, but should truly be considered for what it is—a criminal act as against an individual, even though it is intended as an aid to the escape plan. We believe that the action involving the assault on the guard was an independently motivated and otherwise separable act from the offense of escape. As indicated in some of the cases, the Illinois Criminal Code (1969 Illinois Revised Statutes, ch. 38 pars. 3–3 and 1–7(m)) outlines the general plan of the legislature with regard to multiple prosecutions and sentences. "Conduct" is defined vaguely as an act or series of acts" and the accompanying mental state." (1969 Illinois Revised Statutes, ch. 38 par. 2–4.) These provisions indicate that when several offenses are based on the "same conduct" of a defendant he may be convicted of each but only concurrent sentences may be imposed. When several offenses are not based upon the "same conduct" they may be prosecuted separately and sentences may be concurrent or consecutive.

■■ On the issue before us in this case, we conclude that the crime of aggravated battery and the crime of attempted escape necessarily required separate acts and necessarily involved a different intent or mental state on part of defendant. The battery could have been committed without any desire to escape or to attempt to escape, and, theoretically, an escape could have been undertaken or attempted without the commission of the crime of aggravated battery. Separate convictions and sentences in a case such as we have before us, we conclude, is consistent with the statutes and precedents in this State and with principles of criminal justice.

We, therefore, find that the trial court was not in error in convicting the defendant and sentencing defendant for two offenses in the instant case. The judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.