THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE ELLIS, Defendant-Appellant.

(No. 70-17; ▮▮▮▮▮▮▮▮)

Third District—June 15, 1971.

Theodore Gottfried, of Defender Project, of Ottawa, for appellant.

Louis Bertani, State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant George Ellis was indicted for the offense of armed robbery of Stephen Jehle, and armed robbery of Suzanne Jehle, and the attempt to commit murder as to Gerald Gier, a police officer, while armed with a hand gun. The acts of defendant took place at one location in a short period of time. The record shows that defendant forced Stephen Jehle to place diamonds and other valuables in a pillowcase and at the same place he forced Suzanne Jehle to permit him to take a ring from her finger and give it to him. That same evening he shot at the police officer, Gerald Gier, who arrived at the scene. As a result, he was convicted of armed

robbery of Stephen Jehle, of armed robbery of Suzanne Jehle, and of attempted murder of Gerald Gier.

On July 15, 1969, seven days before the 120-day period would have expired (1969 Illinois Revised Statutes, ch. 38, par. 103—5), the prosecution and the defense entered into a stipulation extending the 120-day period to and including August 25, 1969. On August 25, 1969, the last day of the 120 days as extended, the trial was begun in the Circuit Court of Will County. Twelve jurors were seated in the jury box and the court began to read the charges from the indictment. The court inadvertently turned two pages instead of one and read a portion of Count IV, which had been previously severed from the first three counts because it contained a reference to a prior conviction of the defendant for a felony. After the reading was interrupted, the jury was removed from the court room and defendant moved that the entire jury panel be discharged from the case for the reason that they had been informed of defendant's prior conviction of a felony by the court. The motion was denied at that time. The jury was excused until the following morning for further examination. On the next day, before the commencement of the examination of the jurors, the court vacated its previous denial of defendant's motion to discharge the jury and declared a mistrial. A new trial was scheduled for September 9, 1969, fourteen days later. Simultaneously, by agreement of the parties, the trial was reset for October 20, 1969, with the specific agreement that the question of speedy trial would not be raised as to the time between September 9 and October 20.

On August 26, prior to trial proceedings, defendant moved for a discharge under par. 103—5 of ch. 38, 1969 Illinois Revised Statutes, because of the asserted failure of the prosecution to try defendant within 120 days as required by statute as extended by stipulation of the parties. The motion was denied. Trial in the cause thereafter, was begun on October 20, 1969, pursuant to the agreed setting and on October 23, 1969, the jury returned its verdicts finding defendant guilty of each of the three counts of the indictment referred to. Thereafter, on November 21, 1969, the court sentenced defendant to serve two concurrent terms of imprisonment of 40 to 80 years for the two armed robberies, and to a consecutive term of 17 to 20 years for the attempt to commit murder of the police officer.

Defendant contends in this Court that the trial court erred in entering judgments of conviction and pronouncement of sentence for three offenses asserting that they arose out of the same act, conduct or transaction. Defendant also contends that the court erred in failing to discharge defendant under the 120-day rule referred to.

By the terms of par. 1—7 (M), ch. 38, 1969 Illinois Revised Statutes,

it is provided, with respect to consecutive and concurrent sentences, that when a person shall have been convicted of two or more offenses which did not result from the same conduct, either before or after sentence has been pronounced on him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment of any of the other offenses. It was pointed out in the Committee Comments in Smith-Hurd Illinois Annotated Statutes, ch. 38, § 1—7 (M), p. 32, in referring to this subsection, that it is intended to codify the holding in *People v. Schlenger,* 13 Ill.2d 63, 147 N.E.2d 316 (by what is termed the implicit converse of the provision stated), to the effect that if the offenses resulted from the same conduct, the defendant may not be sentenced on both, "either concurrently or consecutively". In *People v. Stewart,* 45 Ill.2d 310, 259 N.E.2d 24, where defendant was convicted of aggravated battery and attempted robbery, and received concurrent 4 to 6 year terms on each offense, the court pointed out that the battery was not independently motivated or separable from the conduct which constituted the offense of armed robbery but was in fact part of the same transaction. Other cases, such as *People v. Duszkewycz,* 27 Ill.2d 257 (rape and incest) and *People v. Squires,* 27 Ill.2d 519 (burglary and larceny), likewise found that the conviction should only be sustained as to the more serious crime since only one individual was involved and the acts were part of the same transaction.

We have had occasion recently to consider this precise issue in two cases in this Court. In *People v. Jimmy Garry,* 131 Ill.App.2d 715, 268 N.E.2d 568, the defendant was sentenced to terms of imprisonment for attempted murder and attempted robbery. In that case, as in the case before us, the defendant had been handling a gun attempting to hold up a loan company office when a police officer appeared on the scene and defendant started shooting at him. We there concluded that both the attempted robbery and the attempted murder (with two separate victims) involved an independent motive and the conviction and sentence as to each of the crimes could be sustained. In *People v. Lerch,* 131 Ill.App.2d 900, 268 N.E.2d 901, we had occasion to consider the offense of attempted escape and an aggravated battery upon a jail guard, and we there held that sentencing a defendant for two offenses was proper since the aggravated battery (constituting one crime) and the attempted escape necessarily required separate acts and involved a different intent and mental state on the part of defendant. In that case we examined the issue in some detail, and concluded that the "single sentence principle" was adopted, not for the purpose of freeing a defendant from the consequences of a

series of crimes as against separate individuals, but only to hold a defendant responsible for a single criminal act as a result of a series of acts as against a single victim in a single transaction. We emphasized that this was to prevent the possibility that a defendant might be sentenced for a number of successive crimes involving such individual, when there was really only one criminal procedure as against one victim.

Thus, in the cause before us, we can clearly see that there was a separate crime committed as against Stephen Jehle, in the armed robbery of Stephen Jehle, a separate crime committed as against Suzanne Jehle, in the armed robbery of Suzanne Jehle, and, also, a separate crime committed as against the police officer Gerald Gier in the attempted murder of such police officer (*People v. Jimmy Garry, supra*). Separate convictions and sentences in a case such as we have before us is consistent with the statutes and precedents in this State and, as we indicated in *People v. Lerch, supra,* that procedure is consistent with principles of criminal justice. We, therefore, conclude that the Circuit Court of Will County did not commit reversible error in entering judgment upon the jury's verdicts and in sentencing the defendant to two concurrent sentences for the armed robberies and a further consecutive sentence for the attempted murder of the police officer.

Under the provisions of par. 103—5 of ch. 38, 1969 Illinois Revised Statutes, every person in custody in this State for an alleged offense is required to be tried by the court having jurisdiction within 120 days from the date he was taken into custody. The record in this cause shows that one week before the 120-day rule became operative, the parties stipulated that the cause could be continued to August 25, 1969, and that the 120-day period was extended through and including such day. It was understood that the stipulation was not to break the 120-day rule but only to extend it. On August 25, 1969, the day to which the 120-day rule had been extended, the trial was begun. As indicated in the statement of facts, the court inadvertently began to read Count IV which contained a recital that George Ellis had a prior conviction for a felony, *i.e.,* a burglary. This Count had been severed previously in order to avoid such reference in the trial on the first three Counts. A motion was made by defendant that the entire jury panel be discharged from the case for the reason that they had been informed of defendant's prior conviction of a felony by the court. While this motion was denied at such time, and the jury was excused until the following morning, the court upon reconsideration vacated the previous denial of the motion to discharge the jury and declared a mistrial. The case was then reset for early trial. The only question before us, on this issue, was whether the inadvertent read-

ing of the portion of Count IV in the presence of the jury, which required the mistrial and that a new jury panel hear the case, entitled the defendant to a discharge under the 120-day rule.

■■ Under prior Illinois law there was a so-called four-month rule. The Supreme Court had held that a mistrial started the four-month rule running again (*People v. Jonas*, 234 Ill. 56, 60). Under the 120-day rule now in force it has been stated that affording a speedy trial meant commencing a new trial, following a mistrial, within a reasonable time (*People v. Gilbert*, 24 Ill.2d 201, *People v. Eickert*, 124 Ill.App.2d 394, 260 N.E.2d 465). As indicated in *People v. Hudson*, 46 Ill.2d 177, 263 N.E.2d 473, a new trial within 55 days after a mistrial was not deemed to be an unreasonable time. In the cause before us, the new trial was set September 9, 1969, 14 days after the mistrial. Defendant and plaintiff stipulated for a further extension without affecting the issue before us. We note that the mistrial resulted from the motion of defendant and that it was defendant who desired that the jury be discharged and that a new jury panel be obtained. It would be completely inconsistent with the 120-day rule, and not in accord with the objectives of such rule, if the motion made by defendant were to furnish the basis for a discharge under the 120-day rule. If the court had not declared a mistrial and this cause was appealed, a reversal of the cause at a much later time would have required a retrial of the cause and the 120-day rule would not have been applicable. It would be strange indeed if the declaration of a mistrial resulting from defendant's motion would sanction the application of the 120-day rule and a discharge of defendant. We conclude, therefore, that the trial court properly denied the request for discharge of defendant in this cause.

For the reasons stated, the judgments of the Circuit Court of Will County and the sentences imposed are expressly affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.