THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AARON DOYLE PINKSTON, Defendant-Appellant.

(No. 56509;

First District (4th Division)—February 21, 1973.

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Lois Feinberg, and Ronald Neville, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Aaron Pinkston, was charged with armed robbery. (Ill. Rev. Stat. 1969, ch. 38, par. 18-2). After a bench trial, he was found guilty and sentenced to two to five years in the Illinois State Penitentiary. On appeal defendant contends (1) that he was denied equal protection of the law in the application of the 120 day speedy trial rule and (2) that he was not proven guilty beyond a reasonable doubt.

On January 17, 1971, at approximately 7:30 P.M., the Convenient Food Store at 1039 25th Avenue, Bellwood, Illinois was robbed. Officer Vandenbroucke, eyewitness to the robbery and a store customer, testified that he had observed the robber for approximately four minutes under very good lighting conditions. Vandenbroucke positively identified the defendant as the robber and stated that the .32 automatic weapon taken from defendant by Officer Woods was similar to the weapon used in the robbery. Vandenbroucke also testified that he saw the defendant take O'Connor's wallet. Mrs. Rowe, eyewitness to the robbery and cashier at the store, testified that the defendant looked like the robber. Mr. O'Connor, eyewitness to the robbery and the store's night manager, testified that defendant took his wallet and that the wallet taken from defendant by Officer Woods was his. Officer Woods testified that when he arrested and searched the defendant he found O'Connor's wallet and a .32 automatic weapon.

Defendant, testifying in his own behalf stated that he was sick at

home at the time the robbery occurred. He further testified, without corroboration, that Marcus Heron gave him O'Connor's wallet and a .32 automatic weapon to sell. Defendant's 17 year old brother, Benjamin Titus, corroborated defendant's alibi testimony.

■■ Defendant's first contention on appeal was that he was denied equal protection of the law in the application of the 120 day speedy trial rule. Defendant made his first court appearance four days after his arrest. At this court appearance a public defender was appointed who asked for a continuance in order to have time to properly prepare the defense. The public defender also mentioned the possibility of a negotiated plea. Defendant did not protest the public defender's request for a continuance. Defendant contends that he should not be charged with this continuance because if he had been able to retain private counsel, at the time of his arrest, he would not have found it necessary to ask for a continuance because his counsel would have had an opportunity to prepare his defense. There is nothing in the record to show that a private attorney would not have asked for a continuance. We find that the defendant was properly charged with the continuance of January 29, 1971 and that the 120 day period was thereby renewed and commenced to run again. Ill. Rev. Stat. 1969, ch. 38, par. 103-5 (a).

■■■ Defendant's second contention on appeal was that he was not proven guilty beyond a reasonable doubt. Officer Vandenbroucke had ample opportunity to observe the defendant under good lighting conditions. Other witnesses testified that the defendant looked like the robber. O'Connor's wallet, taken during the robbery, and a .32 automatic weapon, similar to the weapon used in the robbery, were found in the defendant's possession when he was arrested. Furthermore, the fact that the defendant produced an alibi supported by his brother and sister does not, in and of itself, constitute reasonable doubt as to his guilt. Conflicts in the testimony are for the resolution of the trial judge, and he is not obliged to believe the alibi testimony of the defendant and his witnesses over the positive identification of Officer Vandenbroucke. (*People v. Setzke*, 22 Ill. 2d 582, 586, 177 N.E.2d 168.) The trier of fact makes the determination of the witness' credibility and we find that the evidence is not so unsatisfactory as to create a reasonable doubt of defendant's guilt that determination will not be disturbed. *People v. Holt*, 124 Ill. App.2d 198, 201, 260 N.E.2d 291.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.