The People of the State of Illinois, Plaintiff-Appellee, *v.* James A. Lewis, Defendant-Appellant.

(No. 57696;

First District (4th Division)—January 16, 1974.

James J. Doherty, Public Defender, of Chicago (Shelvin Singer, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Thomas A. Mauet, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, James A. Lewis, was indicted and charged with four counts of armed robbery. In a trial without a jury he was found guilty on three counts of armed robbery and was sentenced to a minimum of four and a maximum of ten years on each count to be served concurrently in the Illinois State Penitentiary.

The defendant, after timely notice of appeal, filed a first brief in which he contended that his conviction should be reversed because the trial judge did not advise him of his right to a jury trial and the record did not show that he knowingly and understandingly waived that right. Subsequently another brief was filed, pursuant to motion, and the contentions raised by defendant therein are that: (1) he was denied effective assistance of counsel; (2) he was denied equal protection of the law in that because of his indigency he was forced to choose between his right to have effective representation of counsel and his statutory right to be brought to trial within 120 days; and (3) the armed robbery arose out of one transaction and he therefore should not have been convicted and sentenced on three separate counts.

The evidence shows that on July 6, 1971, at about 11:00 A.M. three men, one identified as the defendant, entered Rosie's Sunstrip Lounge, 3302 East 92nd Street in Chicago. They were armed with a shotgun and a revolver. They forced an employee, Theresa Jackson, to open the cash register at gunpoint and scooped out the cash. Defendant also took several bottles of whiskey. The trio then proceeded to force Boyd Mathews and Sylvester Triplett, patrons of the tavern, to relinquish their money. The defendant was arrested on November 7, 1971. A preliminary hearing was held on December 8, 1971, and the court made a finding of probable cause and defendant was held over to the grand jury. During the preliminary hearing the defendant was represented by the public defender, but only for purposes of that proceeding. On February 24, 1972, the defendant was indicted and charged with the four counts of armed robbery. He was arraigned the following day and the public defender was appointed to represent him.

The cause was first set for trial on March 2, 1972. On that date, the Assistant Public Defender informed the court and the defendant that he was not ready to go to trial, having only become aware of the case the previous Friday, February 25, 1972, the 110th day of defendant's incarceration. He further related that he had only the previous day become aware of the fact that defendant's 120-day term would expire on March 6th and defendant would have to be discharged from custody unless defendant extended the time by occasioning delay in the proceedings. Pursuant to Ill. Rev. Stat. 1971, ch. 38, par. 103—5(a), "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *."

The Public Defender stated that despite his admonition to the defendant that he was not fully prepared and going to trial at that time would be "precarious," the defendant still persisted in answering ready for trial, apparently to preserve the imminency of his discharge under the 120-day rule. The court then addressed the defendant as follows:

"THE COURT: You have heard your counsel state that he advised you not to proceed in this matter until he has had an opportunity to become familiar with the facts and familiarize himself with the case so he can adequately and properly defend you.

You do know, of course, that you have an imminent term problem that expires unless you break it on March the 6th.

In spite of what Mr. Jacobs [the assistant public defender] has stated to you, do you persist in demanding that he answer ready for trial on your behalf?

* * *

DEFENDANT: Yes, sir, I am ready for trial.

THE COURT: And you are insisting that Mr. Jacobs answer ready for trial in spite of the fact that he advises you that because of the fact that this matter just came to this court and he has just been appointed to represent you and has not had time to adequately and properly evaluate, prepare the case and find out the facts, you still wish to demand trial and answer ready for trial today?

DEFENDANT: Yes, sir, I do."

The Assistant Public Defender later asked leave to withdraw as counsel because of his unpreparedness and his motion was denied.

The record further reveals that defendant was then admonished of his constitutional right to a jury trial. He decided to waive a trial by jury and executed a waiver. His counsel asked for a copy of the preliminary

hearing and was given it, as well as the grand jury testimony. The cause was recessed to give defense counsel an opportunity to talk to the State witnesses who were available. He also advised the court that Neal Walter, the Assistant Public Defender who represented the defendant at the preliminary hearing was assisting him. He then presented two written petitions. One was headed "motion to quash arrest and suppress evidence," the other "motion to suppress the identification testimony of a witness." Each petition was signed by the defendant. Defense counsel then called two occurrence witnesses in addition to the defendant and qustioned all three at length. At the conclusion of this hearing the motions were denied.

The actual trial commenced the next day, on March 3, 1972, with the two Assistant Public Defenders conducting the defense. The defendant was found guilty on three counts and sentenced to the penitentiary. A codefendant was discharged in the same trial.

During oral argument before this court, on appeal, the defense counsel informed us that he waived the contention raised in the first brief relating to the jury waiver because it was without merit. The supplemental record clearly indicates that the defendant did knowingly and understandingly waive his right to a jury trial after being admonished at length by the trial judge. We will therefore not consider that issue.

The defendant first contends, then, that he was denied the right to effective assistance of counsel. He premises this argument on the fact that he was "forced" to answer ready for trial in the interest of preserving his imminent 120-day term discharge even though the Assistant Public Defender was not fully prepared to go to trial. He also contends that he was denied the equal protection of the law in that he was forced to choose between the constitutional right of effective assistance of counsel and the statutory right to be tried within 120 days after incarceration. He argues that an affluent person would not have to make such a choice because he would have had the opportunity to retain counsel immediately upon arrest. Here the Public Defender was appointed on the 110th day of his incarceration and the defendant's first contact with him was on the 116th day of incarceration.

 We address ourselves first to defendant's argument that he was denied effective assistance of counsel. In this regard we warmly embrace the proposition that the right to effective assistance of counsel is a fundamental right (*People v. Stoval*, 40 Ill.2d 109, 239 N.E.2d 441), and also that a defendant in every criminal case is "entitled, under the law, to a reasonable time and full opportunity to prepare for his trial * * *" (*People v. Hambleton*, 399 Ill. 388, 393, 78 N.E.2d 293, 296). But here the defendant had such an opportunity. The trial court, when confronted

with the defense counsel's statement that he was not prepared to try the case, indicated a willingness to give the defense more time. In spite of this the defendant's strategy was to refuse to ask for a continuance and thus preserve the term of 120 days. He voluntarily chose to go to trial against the advice of his counsel. After trial he claims that he was denied his constitutional right to prepare an adequate defense.

On the basis of the facts that appear in the record we cannot say that the defendant was forced into trial, nor is there any evidence of coercion. On the contrary the election was his. He could have had a continuance if he so desired. This clearly distinguishes the position of the defendant in the case of *People v. McNeil,* 102 Ill.App.2d 257, 243 N.E.2d 576, cited by defendant here. In that case we held that the defendant was denied adequate time to prepare a defense when the court refused to grant a continuance, and as a result he had only one day notice of the charge before trial. Here the defendant opposed accepting a continuance despite the fact that his counsel told him privately and again in open court that he was not fully prepared for trial. As stated in *People v. Johnson,* 45 Ill.2d 38, 43-44, 257 N.E.2d 3, 7, where the court was confronted with an analogous contention:

> "To argue that he was forced to choose as he did is to argue technicalities. The right to a speedy trial and the right to avoid a precipitous trial are separate but related rights. Both are designed to assure an accused a fair trial, to prevent undue delay in one instance and undue haste in the other. He can demand action or avoid action as the exigencies of his situation may dictate. But fairness and justice are not a one-way street. Society is likewise entitled to a fair administration of justice and the measure of right and wrong must always be that which is fair, not that which is technically astute or contrived * * *. The election was defendant's to determine on the basis of what would better ensure him a fair trial, and, having chosen to proceed, his present argument is nothing more than technical obfuscation."

We find no denial of defendant's right to effective assistance of counsel. Furthermore we note here that the same Assistant Public Defender who represented the defendant at the preliminary hearing was called in to assist the Assistant Public Defender who was trying the case. Also that on the same day when the Assistant Public Defender stated he was not prepared, he presented two written motions to suppress, one of which the defendant signed before a notary public, and proceeded to a hearing on same. Our examination of those proceedings, as well as the trial proceedings, indicates to us that the defendant was adequately represented by counsel.

■■ Developing his argument further, however, defendant asserts that where, due to the administrative machinery of the State, an indigent defendant is not represented by counsel for purposes of trial preparation until the 116th day of his incarceration, the continuance necessary to allow counsel to adequately prepare, to become effective, should not be charged to the defendant and should not preclude his right to a speedy trial under the Illinois 120-day speedy-trial rule. Defendant bases this argument on the Fifth District Appellate Court opinion in *People v. Macklin*, 7 Ill.App.3d 713, 288 N.E.2d 503. In that case a murder indictment was dismissed and the defendant discharged on grounds that he had not been placed upon trial within 120 days as required by law. The case was assigned on the 120th day. The defendant made a timely motion to substitute judges pursuant to Ill. Rev. Stat. 1971, ch. 38, par. 114—5(a), which was granted. As a result, the defendant was not brought to trial on the last day of the term. The court held that the defendant should not be charged with occasioning delay in the proceedings by asserting his statutory right to substitute judges and upheld a dismissal of the indictment.

It must first be noted that in the instant case the defendant did not request a continuance. As a result, his 120-day term was kept intact. The State brought him to trial within that period. In *Macklin* the defendant received a continuance to which he had a statutory right, and as a result was not brought to trial within 120 days. The defendant here is thus raising an issue which his choice of procedure in the lower court does not allow him to present. We are therefore not compelled to deal with the hypothetical question of what his rights would be if he had asked for and received a continuance and was thus brought to trial after 120 days had elapsed since his incarceration.

However, in view of defendant's contention that the State was responsible for putting him in a position whereby he would have been forced to waive the right to trial within 120 days by asking for a continuance in order to preserve his right to effective assistance of counsel, we feel a brief comment on *Macklin* is in order. In that case, as we noted, the defendant sought a substitution of judges pursuant to Ill. Rev. Stat. 1971, ch. 38, par. 114—5(a), and the court's decision dealt only with the State's obligations regarding the confluence of that provision and the speedy-trial provision of chapter 38, paragraph 103—5(a). Paragraph 114—5(a) allows defendant to move for a substitution of a judge or any two judges on the ground that such judge or judges are so prejudiced against him that he cannot receive a fair trial. This motion must be granted of right (*People v. Davis*, 10 Ill.2d 430, 140 N.E.2d 675), at least in regard to the first two judges named in the first petition. (See

*People v. Bacon,* 2 Ill.App.3d 324, 276 N.E.2d 782.) This clearly is not the case with regard to a motion for a continuance, which lies within the sound discretion of the trial judge. (*People v. Clark,* 9 Ill.2d 46, 137 N.E.2d 54.) We feel in any event that *Macklin* must be limited to its facts, and not used by analogy to expand the rights granted under the Illinois speedy-trial provision of chapter 38, paragraph 103—5.

Defendant next contends that where due to the administrative procedure of the State the defendant is not represented by trial counsel until the 116th day of his incarceration, and he is instructed by the judge to answer ready for trial or face breaking the 120-day term, the defendant suffers the prong of invidious discrimination in the application of his constitutional and statutory rights because he is poor. He asserts such alleged discrimination is therefore a violation of his right to equal protection. We do not agree.

■■ It is not clear that the choice here is one limited to indigents. Any defendant, indigent or affluent, and his counsel, must make certain tactical decisions in preparing a defense to a criminal charge. A private attorney may, for various reasons, prevail upon his client to seek a continuance when the client would much rather expedite the matter and obtain an earlier verdict regarding his guilt or innocence, and also perhaps an earlier release from jail. A defendant with retained counsel is no more assured of going to trial within 120 days than is an indigent. The choice presented to the defendant here, while perhaps a frustrating one, does not in our view entail a denial of equal protection. *Cf. People v. Pinkston,* 10 Ill.App.3d 548, 294 N.E.2d 738.

The final contention raised by defendant in this appeal is that the three counts of armed robbery arose out of the same transaction and the imposition of concurrent sentences for each of the three counts is erroneous requiring reversal. We are in no way persuaded by this argument.

In the cases cited by defendant there was only one victim. In *People v. Lerch,* 52 Ill.2d 78, 284 N.E.2d 293, the court held that where there was but one act against one victim, *i.e.,* an attack on a jailer, concurrent sentences for attempted escape and aggravated battery were improper, since the conduct involved in the attempted escape was identical to the conduct forming the basis of the aggravated battery count. Likewise in *People v. Stewart,* 45 Ill.2d 310, 259 N.E.2d 24, concurrent sentences for aggravated battery and attempted robbery arising out of the same transaction with a single victim was held improper.

■■ In the case at bar, however, there were separated armed robbery offenses committed against three different persons. Separate convictions and sentences on the three separate offenses is consistent with the statutes and precedents in this State. (*People v. Ellis,* 132 Ill.App.2d 920, 271

N.E.2d 47.) In *People v. Prim*, 53 Ill.2d 62, 289 N.E.2d 601, the concurrent sentences given to the defendant for the armed robbery of a bus driver and of two passengers were upheld as being imposed for three separate crimes.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ADESKO, P. J., and DIERINGER, J., concur.